S97A0964. JOHNSON v. THE STATE.
(490 SE2d 91)

THOMPSON, Justice.

Eric Johnson was convicted of malice murder, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon, in connection with the death of Willie

[5] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Nichols.[1] He was sentenced to life imprisonment for malice murder, and to two consecutive five-year terms for the firearms possession counts. The State's evidence showed that two weeks before the murder, witnesses saw Johnson in Nichols' apartment, beating Nichols with a chair leg because Nichols owed him money. One witness heard Johnson threaten to kill Nichols after the beating. On the day of the murder, several witnesses saw Johnson ride his bicycle to Nichols' apartment carrying a gun, then heard him bang on the door and profanely demand that Nichols open the door. The witnesses then heard the screen door shut, and about 30 seconds later, a gunshot. Johnson fled on his bicycle to another apartment in the same complex, where police apprehended him. Nichols died of a single gunshot wound to the chest. The murder weapon was never recovered.

1. The evidence was sufficient to enable any rational trier of fact to find Johnson guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Johnson claims his federal and state constitutional right to a speedy trial was violated. We examine this claim under the four-part test of *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972), considering (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of the right, and (4) the prejudice to the defendant. See *Brown v. State*, 264 Ga. 803, 804 (2) (450 SE2d 821) (1994). The fourth factor requires the court to consider three interests: (i) preventing oppressive pretrial incarceration, (ii) minimizing anxiety and concern of the defendant, and (iii) limiting the possibility that the defense will be impaired. Id. We apply these factors to the facts of this case.

First, the delay in this case was 21 months from arrest to trial. We have stated that a delay of 27 months from arrest to defendant's motion to dismiss raises a threshold presumption of prejudice. *Brown*, supra at 805 (2); *Boseman v. State*, 263 Ga. 730, 732 (1) (438 SE2d 626) (1994). Because it would appear that the delay in this case raises a threshold presumption, we analyze the other three factors to determine if Johnson's constitutional right to a speedy trial was denied. See *Boseman*, supra.

As to the second factor, although the State speculated that the reason for the 14-month delay from arrest to indictment resulted

---

[1] The crimes occurred on December 17, 1994, and Johnson was arrested two days later. He was indicted on February 27, 1996. He filed a statutory demand for speedy trial on May 17, 1996, and trial began September 3, 1996. He was convicted and sentenced on September 6, 1996. He filed a motion for new trial on September 12, 1996, and amended the motion on December 3, 1996. The motion was denied on February 19, 1997, and Johnson filed a notice of appeal on February 21, 1997. The case was submitted to this Court for decision on briefs on May 12, 1997.

from a new prosecutor's attempt to be well-prepared, it proffered no other explanation for the delay. Thus, in part, at least, the delay in bringing Johnson to trial must be considered the result of the State's negligence. *Brown*, supra at 805 (2). This is not to say that the State intentionally dragged its feet to impair Johnson's defense. Nowhere in the record is there evidence that the State intentionally delayed Johnson's trial to achieve such an end. See *Boseman*, supra at 732 (1) (noting in dicta that a deliberate attempt to delay is a serious abuse weighted heavily against the State). Therefore, although the delay attributable to the State is a negative factor, it is relatively benign. *Perry v. Mitchell*, 253 Ga. 593, 595 (322 SE2d 273) (1984).

The third factor, Johnson's assertion of the right, must be weighted heavily against him because he failed to assert that his constitutional right to a speedy trial was denied until he amended his motion for new trial.[2] Id.

As for the prejudice to Johnson under the fourth factor, we note that a 21-month delay is insufficient to raise an inference of actual prejudice. *Boseman*, supra at 734 (1) (27-month delay does not raise inference of prejudice). Thus, Johnson must show actual anxiety and concern and specific evidence of how the delay impaired his ability to defend himself. Id. There is no evidence in the record of Johnson's anxiety or concern as a result of his lengthy incarceration to balance this factor in his favor. See id. at 733. And, although Johnson speculates that possible exculpatory witnesses were not called as a result of the delay, he presented no evidence to that effect. Therefore, this factor also is not weighted in his favor. See *Perry*, supra.

Balancing all four factors under the *Barker* test, we conclude that the 21-month delay in this case did not violate Johnson's constitutional right to a speedy trial.

3. Johnson was charged in the indictment with, inter alia, the offense of possession of a firearm during the commission of a felony, to wit: aggravated assault. The court gave a complete charge on this count, and included surplus language regarding an unlawful entry into a building or vehicle. Johnson claims this charge was improper because it allowed the jury to convict Johnson of a crime for which he was not indicted, that being possession of a firearm during the commission of the felony of unlawful entry into the victim's apartment. This argument fails, however, because there was no contention that Johnson unlawfully entered the apartment. It follows that inclusion of that principle in the context of the entire charge " 'did not mislead the jury or violate [Johnson's] due process rights.' " *Lowe v. State*, 267

---

[2] Johnson did not assert his statutory right to a speedy trial until he had been incarcerated for 17 months. The trial took place within the statutorily prescribed time limit. OCGA § 17-7-170.

Ga. 410, 413 (4) (478 SE2d 762) (1996) (citing *Dukes v. State*, 265 Ga. 422 (457 SE2d 556) (1995)).

4. Johnson claims he was afforded ineffective assistance of counsel because trial counsel failed to interview him in a timely manner and ascertain the identity of possible exculpatory witnesses, failed to present an opening statement to the jury, failed to inform him of his right to testify and prepare him to testify, failed to present results of the atomic absorption analysis of the wipings from his hands which failed to reveal the presence of gunshot residue, and failed to move to sever the count of possession of a firearm by a convicted felon, or, in the alternative, request a limiting instruction.

We review this claim under the standard established in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). A defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Smith v. Francis*, 253 Ga. 782, 783 (1) (325 SE2d 362) (1985). The "inquiry must be whether counsel's assistance was reasonable considering all the circumstances, and . . . every effort must be made to eliminate the distorting effects of hindsight and to evaluate the conduct from counsel's perspective at the time." Id. The defendant must overcome a strong presumption that "counsel's conduct falls within the wide range of reasonable professional conduct and that all significant decisions were made in the exercise of reasonable professional judgment." Id. To show prejudice, the defendant must show a reasonable probability that, without the errors, the outcome of the proceeding would have been different. Id.

Testimony at the hearing on the motion for new trial revealed that counsel did make an opening statement, did not explore the gunpowder residue test results because they were inconclusive, and did ask defendant if he wished to testify after which defendant declined to testify. Counsel averred that he did not sever the possession of a firearm by a convicted felon count as part of his trial strategy. Counsel's unrebutted testimony was that he used that information to Johnson's advantage by creating "some confusion about Mr. Johnson's situation." Accordingly, Johnson has not satisfied the first essential prong of *Strickland*. See *Berry v. State*, 267 Ga. 476, 482 (480 SE2d 32) (1997) (matters of tactics and strategy, whether "wise or unwise," do not amount to ineffective assistance of counsel). See also *Luallen v. State*, 266 Ga. 174, 177 (465 SE2d 672) (1996). Even if it could be said that counsel's performance had been deficient, however, Johnson has not shown that the outcome of his trial would have been different but for the deficiency. Thus, Johnson is unable to meet either prong of *Strickland*.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 22, 1997.

*William J. Mason,* for appellant.
*J. Gray Conger, District Attorney, Samuel G. Merritt, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Allison B. Goldberg, Assistant Attorney General,* for appellee.