A97A1849. JACKSON v. THE STATE.
(498 SE2d 780)

McMURRAY, Presiding Judge.

Defendant Jackson appeals his convictions of aggravated assault and of two offenses of shoplifting. Citing the provisions of OCGA § 17-7-170, defendant moved for discharge and acquittal prior to trial, based on the State's failure to try him in accordance with a demand for speedy trial which he had filed pro se on November 28, 1995. Defendant also filed a motion to dismiss the indictments based on allegations of deprivation of due process and speedy trial rights under federal and state constitutions, albeit defendant makes no independent state constitutional argument. The denials of these motions provide the foundation of defendant's enumerations of error. *Held*:

1. The three indictments against defendant were filed in open court on April 20, 1995. Demands for speedy trial, pursuant to OCGA § 17-7-170, as to each indictment were filed pro se by defendant on July 31, 1995. The State moved to dismiss these demands, arguing that they were improper since defendant was represented by counsel. *Goodwin v. State*, 202 Ga. App. 655 (415 SE2d 472). However, defendant had not been pleased with his court-appointed attorney and had filed a grievance against him with the State Bar of Georgia even prior to the filing of the indictments. On November 13, 1995, the court-appointed attorney filed a request for permission to withdraw from representation of defendant and at a hearing the following day that permission was granted. At the hearing on November 14, 1995, defendant was confronted with the choice of going to trial immediately pursuant to his demand for speedy trial, albeit without counsel, or requesting that the cases against him be continued.

In presenting defendant with this choice, the superior court informed defendant that if he requested that the cases be continued "that breaks — that stops the clock on the speedy trial demand. That means that the speedy trial demand would have to be refiled to start the clock ticking again." Defendant chose to request that the cases be continued and thus waived his pending demands for speedy trial.

OCGA § 17-7-170 (a) provides in part that "[a]ny person against whom a true bill of indictment . . . is filed with the clerk for an offense not affecting his life may enter a demand for trial at the court term at which the indictment . . . is filed or at the next succeeding regular court term thereafter; or, by special permission of the court,

he may at any subsequent court term thereafter demand a trial." Thus, at the term at which the indictment is found or at the next succeeding regular court term an accused may of right make a demand for trial under OCGA § 17-7-170, but after that time a demand can only be made by special permission of the trial court and the statute provides no exceptions to this directive. *Hubbard v. State*, 176 Ga. App. 622, 623 (2), 624-625 (337 SE2d 60).

Defendant's pro se demand for speedy trial, filed November 28, 1995, was subject to the requirement of special permission since it was not filed at the term in which the indictment was filed nor within the next succeeding regular court term. The denial of defendant's motion for discharge and acquittal was predicated on defendant's failure to obtain such special permission for the filing of his demand. Defendant enumerates as error the denial of his motion for discharge and acquittal, and argues in support thereof that the superior court's colloquy with defendant at the November 14, 1995 hearing contained the requisite permission. Defendant does not dispute that special permission is required to file an out of time demand, but would have us define what constitutes "permission" too broadly. The meaning of such a familiar term is well known and must be applied here. Suggestion that a different or more lenient construction should be applied due to defendant's pro se status misses the mark. The trial court's remarks to defendant were accurate and proper, emphasizing the consequences of requesting that the case be continued, but simply did not reach any issue as to the proper procedure for filing a further demand for speedy trial. The trial court told defendant that a speedy trial demand would have to be refiled to start the clock ticking again but provision of this information cannot be reasonably viewed as an expression of consent addressed to the statutory requirement. There was no reference to the statutory requirement of special permission by either defendant or by the trial court. The statements of the trial court were expressly made in contemplation of the appointment of a new attorney for defendant and as an act to be done by and with the advice of counsel, who would presumably be aware of the statutory requirements. We find no error in the denial of defendant's motion for discharge and acquittal.

2. Nor did the trial court err in denying defendant's motion to dismiss for violation of the right to a speedy trial. Defendant's claim that his federal and state constitutional right to a speedy trial was violated must be examined under the four-part test of *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101), which considers (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of the right, and (4) the prejudice to the defendant. The fourth factor requires consideration of three interests: (i) preventing oppressive pretrial incarceration, (ii) minimizing anxiety

and concern of the defendant, and (iii) limiting the possibility that the defense will be impaired. *Johnson v. State*, 268 Ga. 416, 417 (2) (490 SE2d 91); *Brown v. State*, 264 Ga. 803, 804 (2) (450 SE2d 821).

The length of the delay from arrest to trial in the case sub judice was more than 22 months. Since a delay of 21 months has been held to raise a threshold presumption of prejudice, the delay in the case sub judice must be viewed as raising the threshold presumption requiring analysis of the remaining three factors to determine if defendant's right to a speedy trial was denied. *Johnson v. State*, 268 Ga. 416, 417 (2), supra.

There were a number of reasons shown for the delay. Defendant concedes that the absence of the State's primary witness from the jurisdiction of the trial court for a period of approximately seven months in 1996 is a valid reason for delay. See *Treadwell v. State*, 233 Ga. 468, 469 (211 SE2d 760). Further delay resulted from defendant's refusal to cooperate with counsel and from a continuance granted at defendant's request at the time that prior appointed counsel was relieved in November 1995. However, the significance of defendant's request for continuance is slight since the State had moved to quash defendant's original pro se demand for speedy trial and in view of the fact that defendant had requested a change in appointed counsel as early as March 1995.

Defendant failed to assert that his constitutional right to speedy trial was denied until he filed his motion to dismiss on the date his trial commenced. Attempts by defendant, acting pro se, to assert his statutory rights pursuant to OCGA § 17-7-170 were procedurally deficient. This factor must weigh against defendant. *Johnson v. State*, 268 Ga. 416, 417 (2), supra.

As to the matter of prejudice under the fourth factor, the 22-month period of delay being insufficient to raise an inference of actual prejudice, defendant must show actual anxiety and concern and specific evidence of how the delay impaired his ability to defend himself. *Johnson v. State*, 268 Ga. 416, 418 (2), supra. Defendant made no showing of great anxiety or concern, and any which defendant experienced would apparently be attributable to the prison term he was serving following revocation of his probated sentence from prior felonies. An attempt was made to establish that defendant had been handicapped because the memory of alibi witnesses had faded. However, the trial court was authorized to accept evidence showing that any faded memories were attributable to the purported alibi witnesses' use of illegal drugs rather than to the passage of time. Defendant's failure to cooperate with counsel and provide the names of the purported alibi witnesses until a week before trial was a greater source of prejudice to his defense. This factor must be weighed against defendant.

Balancing all four factors under the *Barker* test, we conclude that the 22-month delay in the case did not violate defendant's constitutional right to a speedy trial. The denial of defendant's motion to dismiss was not error. *Johnson v. State*, 268 Ga. 416, 418 (2), supra; *Daughenbaugh v. State*, 225 Ga. App. 7 (482 SE2d 517); *Collingsworth v. State*, 224 Ga. App. 363, 365 (1) (480 SE2d 370); *Chambers v. State*, 213 Ga. App. 414, 415 (1) (444 SE2d 820).

*Judgment affirmed. Beasley and Smith, JJ., concur.*

DECIDED MARCH 13, 1998

*Putnam C. Smith*, for appellant.

*Alan A. Cook, District Attorney, Jeffrey L. Foster, Assistant District Attorney*, for appellee.