## A98A1622. THOMAS v. THE STATE.
(504 SE2d 59)

BLACKBURN, Judge.

Michael Thomas appeals his conviction of driving under the influence of alcohol to the extent he was a less safe driver and for making an improper lane change. Thomas contends the trial court erred in denying his motion to quash the accusation which was filed over two years after the alleged violation, and his plea in bar based on his right to a speedy trial. We affirm.

On October 14, 1994, a police officer issued Thomas uniform traffic citations charging him with driving under the influence of alcohol, driving with a suspended license, and making an improper lane change. On February 8, 1995, the Municipal Court of Peachtree City bound the charges over to the Superior Court of Fayette County. On February 27, 1995, Thomas filed with the superior court pursuant to OCGA § 17-7-170 a demand for a speedy trial. On July 2, 1996, the district attorney filed an accusation in the Fayette Superior Court charging Thomas with (1) DUI, less safe; (2) DUI, with a blood-alcohol concentration of at least 0.10; (3) driving with a suspended license; and (4) an improper lane change. Although Count 1 of the accusation properly recited the offense date as October 14, 1994, Counts 2 through 4 contained a typographical error which listed the offense as occurring on October 14, 1996.

On January 1, 1995, just a month before Thomas' case was bound over to the Superior Court of Fayette County, local legislation creating the State Court of Fayette County and the Fayette County Solicitor's Office became effective. Ga. L. 1994, pp. 4980, 4988. According to the local act, the state court had concurrent jurisdiction with the superior court over misdemeanor criminal cases. Ga. L. 1994, pp. 4984-4985. Moreover, the act directed that "[a]ll such cases pending in the Superior Court of Fayette County as of January 1, 1995, shall be immediately transferred to the State Court of Fayette County." Ga. L. 1994, p. 4985. This act was amended in 1996 to provide for the election of both a solicitor and a judge of the State Court of Fayette County, both of whom were to begin their term of office on January 1, 1997. Ga. L. 1996, p. 4402.

On January 21, 1997, Thomas' case was transferred to the newly created State Court of Fayette County. The transfer was a result of the creation of the solicitor's office and the state court. On March 14, 1997, the solicitor filed an amended accusation with the state court which was in substance an identical copy of the four-count accusation previously drafted by the district attorney and filed with the superior court. The solicitor's accusation, however, amended Counts 2 through 4 with respect to the offense date, this time properly listing it as October 14, 1994.

1. In his first enumeration of error, Thomas contends the solicitor's amended accusation, by changing the offense date, charged Thomas with a new offense and that the offense alleged was beyond the two-year statute of limitation for prosecuting misdemeanors, OCGA § 17-3-1 (d). We do not agree.

The original accusation filed by the district attorney was filed within the two-year statute of limitation. The solicitor merely amended it to correct an error, as was his right, pursuant to OCGA § 17-7-71 (f): "Prior to trial, the prosecuting attorney may amend the accusation to allege or to change the allegations regarding any offense arising out of same conduct of the defendant which gave rise to any offense alleged or attempted to be alleged in the original accusation." It appears, based upon the record, that the original accusation contained a typographical error with respect to the offense date in three of the four counts. The solicitor merely corrected that error, which is a change permitted under OCGA § 17-7-71 (f). *Anderson v. State*, 211 Ga. App. 2, 3 (2) (438 SE2d 376) (1993).

Further, because the accusations did not allege that the offenses occurred on a specific date and no other, the offense date was never made a material element of the offense charged. See *Hutton v. State*, 192 Ga. App. 239, 241 (4) (384 SE2d 446) (1989); see also *Worley v. State*, 88 Ga. App. 786 (77 SE2d 769) (1953). "[I]t has long been the law that where the date alleged in the indictment or accusation is not a material element of the offense, the state may prove the offense as of any date within the statute of limitation." (Punctuation omitted.) *Melton v. State*, 174 Ga. App. 461, 462 (1) (330 SE2d 398) (1985).

2. Thomas also argues that he was denied a speedy trial. He concedes that his speedy trial demand pursuant to OCGA § 17-7-170 (a) was filed prematurely and, therefore, did not trigger the discharge and acquittal provision of OCGA § 17-7-170 (b). See *State v. Stang*, 228 Ga. App. 204 (491 SE2d 382) (1997). However, he argued for the first time in his motion to dismiss a denial of his Sixth Amendment right to a speedy trial, requiring us to examine his claim under the four-part test of *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972). Applying this test, we must consider "(1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of the right, and (4) the prejudice to the defendant." *Johnson v. State*, 268 Ga. 416, 417 (2) (490 SE2d 91) (1997). Whether there has been prejudice to the defendant requires consideration of "three interests: (i) preventing oppressive pretrial incarceration, (ii) minimizing anxiety and concern of the defendant, and (iii) limiting the possibility that the defense will be impaired." Id. However, "these factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process." *Barker*, supra at 533. We review the trial court's decision under an abuse of discretion standard. *Burns v.*

*State,* 265 Ga. 763, 764 (462 SE2d 622) (1995).

First, the delay in this case was 30 months from arrest to trial. Thomas filed his motion to dismiss on February 18, 1997, 29 months after his arrest. "[A] delay of 27 months from arrest to defendant's motion to dismiss raises a threshold presumption of prejudice." *Johnson,* supra at 417 (2). "Delay alone, however, does not constitute a violation of the Sixth Amendment, and the other factors in the *Barker* balancing test must be considered." *Snow v. State,* 229 Ga. App. 532, 533 (494 SE2d 309) (1997).

Second, the State makes no explanation for the delay in prosecuting Thomas, other than to show that the case was transferred from the district attorney to the solicitor for prosecution in the newly created state court. While changes in the court system may explain the delay, they do not necessarily excuse it. We must consider the delay in bringing Thomas to trial in part, at least, the result of the State's negligence. *Johnson,* supra at 418 (2). "This is not to say that the State intentionally dragged its feet to impair [Thomas'] defense. Nowhere in the record is there evidence that the State intentionally delayed [Thomas'] trial to achieve such an end. [Cit.] Therefore, although the delay attributable to the State is a negative factor, it is relatively benign." Id.; *Perry v. Mitchell,* 253 Ga. 593, 595 (322 SE2d 273) (1984).

Third, although Thomas did file a premature and thus ineffective demand for a speedy trial under OCGA § 17-7-170 (a), he did not allege a denial of his right to a speedy trial under the Sixth Amendment until he filed his motion for dismissal in February 1997 — 29 months after his arrest. Because Thomas did not assert his constitutional rights until trial was imminent, we must weigh this factor against him. *Perry,* supra at 595.

Fourth and most significantly, Thomas failed to show how his defense was prejudiced by the delay. In considering whether under the *Barker* four-part test there was any prejudice to the defendant, the most important factor and the one entitled to the most weight is whether or not the delay resulted in any impairment of the defense. *Barker,* supra at 532; *State v. Yates,* 223 Ga. App. 403, 404 (477 SE2d 670) (1996). There is no evidence that Thomas' ability to defend himself was in any way harmed by the delay or that he suffered any anxiety or concern generally or as the result of the delay or any detention. In fact, it appears Thomas has been on bond since his arrest and remains on bond pending appeal. Therefore, this factor is heavily weighted against him. *Johnson,* supra at 418.

Balancing these four factors of the *Barker* test, we conclude that the 30-month delay in this case did not violate Thomas' constitutional right to a speedy trial. The trial court did not abuse its discretion in denying Thomas' motion to dismiss.

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED JULY 1, 1998.

*Saia, Richardson & Meinken, Joseph J. Saia*, for appellant.
*Steven L. Harris, Solicitor*, for appellee.