A99A2284. HALL v. THE STATE.
(523 SE2d 409)

MCMURRAY, Presiding Judge.

Defendant was tried before a jury and convicted of robbery by sudden snatching and obstruction of an officer. The evidence which authorizes these convictions reveals that defendant snatched the victim's purse as she was grocery shopping and then resisted arrest when police officers apprehended him a few minutes after the robbery. Defendant appealed to the Supreme Court of Georgia after the denial of his motion for new trial. The Supreme Court later transferred the appeal to this Court. *Held*:

1. Defendant challenges the sufficiency of the evidence. The victim's testimony that defendant snatched her purse from a grocery cart as she turned to retrieve some eggs and an arresting officer's testimony that defendant resisted when officers apprehended him are sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Defendant contends the trial court erred in denying his motion

under *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69), pointing out that the State exercised four out of six peremptory challenges to strike African-Americans and arguing that two of the State's race-neutral explanations are not worthy of belief. We disagree. After reviewing the State's reasons for exercising its peremptory strikes, we cannot say the trial court abused its discretion in finding that the State's explanations were race-neutral and sufficient. A trial court's finding on such matters is entitled to great deference and will be affirmed on appeal absent clear error. *Barnes v. State*, 269 Ga. 345, 349 (6) (496 SE2d 674).

3. Defendant contends that he was denied his constitutional right to a fair and speedy trial because nearly 14 months had elapsed between the time of his arrest and the trial of his case. This claim must be examined under the test prescribed in *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101), which requires consideration of (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of the right and (4) the prejudice to the defendant. *Jackson v. State*, 231 Ga. App. 187, 188 (2) (498 SE2d 780). And while courts must undertake a difficult and sensitive balancing process in weighing these factors, we must affirm the trial court's decision absent an abuse of discretion. *Snow v. State*, 229 Ga. App. 532, 533 (494 SE2d 309).

(a) *Length of Delay*. Because the delay of almost fourteen months appears to raise a presumption of prejudice in the case sub judice, we move on and consider this delay along with the other three factors to determine if defendant's constitutional right to a speedy trial was denied. *Boseman v. State*, 263 Ga. 730, 732 (1) (a) (438 SE2d 626).

(b) *Reason for Delay*. Defendant was in jail for eight or nine months before the State's attorney began prosecuting its case against defendant. Although the State's attorney provided no good reason for this delay, we weigh this delay as relatively benign since there is no proof that the State intentionally delayed prosecution of defendant's case to impair the defense. *Johnson v. State*, 268 Ga. 416, 418 (2) (490 SE2d 91).

(c) *Assertion of the Speedy Trial Right*. Defendant did not assert a demand for speedy trial until about nine months after he was arrested, and, when the trial court offered to conduct a trial soon after this speedy trial demand was filed (in exchange for defendant's agreement to waive formal indictment), defendant refused to proceed to trial without having the case against him proceed by formal arraignment. Further, when defendant's case was called for trial, defense counsel (who had represented defendant for over a year before trial) asked for a continuance. Under these circumstances, the assertion of the right to a speedy trial must be weighted heavily against defendant. See *Weidlund v. State*, 191 Ga. App. 668, 669-670

(382 SE2d 709).

(d) *Prejudice to Defendant*. This factor requires consideration of three objectives: (i) to prevent oppressive pretrial incarceration, (ii) to minimize the accused's anxiety and concern, and (iii) to limit the possibility that the defense will be impaired. *Johnson v. State*, 268 Ga. at 418 (2), supra.

Although we cannot say in the case sub judice that defendant's 14-month stay in jail before trial was not oppressive, we will not weigh the first prejudice factor in defendant's favor because defendant has not shown that he was exposed to substandard conditions while he was in jail, nor has defendant shown that he had to endure some burden beyond those that necessarily attend imprisonment. See *Boseman v. State*, 263 Ga. at 733 (1) (d), supra. Defendant therefore had to show actual anxiety and concern and specific evidence of how the delay impaired his ability to defend himself. See *Johnson v. State*, 268 Ga. at 418 (2), supra. We find no evidence in the case sub judice of defendant's anxiety or concern so as to balance this factor in his favor. And, while defendant's attorney speculated that possible exculpatory witnesses were not called as a result of the delay, he presented no evidence to that effect. As a consequence, this factor must also be weighted against defendant. See *Perry v. Mitchell*, 253 Ga. 593, 595 (322 SE2d 273).

Balancing all four factors under the *Barker* test, we conclude that the almost fourteen-month delay in the case sub judice did not violate defendant's constitutional right to a fair and speedy trial.

4. Since defendant's trial attorney represented defendant for more than a year before trial and since this attorney failed to conclusively prove that he did not have sufficient time to investigate defendant's case, the trial court did not abuse its discretion in denying defendant's motion for a continuance so that his trial attorney could have more time to prepare for trial. Applications for continuance are addressed to the trial court's sound discretion and this discretion will not be disturbed on appeal absent some sort of abuse. *Murphy v. State*, 212 Ga. App. 153, 154 (3) (442 SE2d 2).

5. Defendant contends that Georgia's robbery statute, OCGA § 16-8-40 (a), is unconstitutionally vague. We do not reach this issue because the Supreme Court of Georgia rejected defendant's constitutional challenge to this Code section in its order transferring the case sub judice to this Court.

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED OCTOBER 14, 1999.

*Kenneth D. Teal*, for appellant.
*Peter J. Skandalakis, District Attorney*, for appellee.