A00A1798. WILLIAMS v. THE STATE.
A00A1799. EDWARDS v. THE STATE.
A00A1859. BOULTON v. THE STATE.
(545 SE2d 621)

ELDRIDGE, Judge.

Defendants appeal directly from the trial court's denial of their motions to dismiss based on speedy trial concerns. We consolidate these appeals and affirm the trial court's ruling.

A Fulton County grand jury returned an indictment charging Larry Boulton, George Williams, and Brandon Edwards jointly with two counts of rape, one count of kidnapping, and one count of aggravated assault for acts the three allegedly committed during the April 1998 Black College Spring Break a/k/a "Freaknik." The men were arrested April 20, 1998; indicted on July 17, 1998; and bonded out on August 12, 13, and 19, 1998, respectively. No motions for speedy trial were filed, under either statutory or constitutional grounds, by any of the appellants. The record reveals no efforts on the part of the appellants to bring the case to trial. The attorney for Boulton requested four leaves of absence encompassing prospective trial weeks. Neither Williams nor Edwards sought severance from Boulton. When the case was placed on the trial calendar for the week of February 14, 2000, the appellants filed motions seeking dismissal of the charges because their constitutional right to a speedy trial was allegedly violated by the 22-month delay between arrest and trial. Thereafter, Boulton's attorney filed for another leave of absence encompassing the February 14, 2000 trial week.

The motions came up for a hearing, and no evidence was presented with regard to the claims contained therein. After hearing argument from the parties, the trial court denied the motions, finding no prejudice to the defense by the 22-month delay. Appellants filed direct appeals from the court's order, thereby delaying trial further. Boulton, Williams, and Edwards remain out on bond. *Held*:

This claim must be examined under the test prescribed in *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) [(1972)], which requires consideration of (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of the right and (4) the prejudice to the defendant. And while courts must undertake a difficult and sensitive bal-

ancing process in weighing these factors, we must affirm the trial court's decision absent an abuse of discretion.[1]

Applying the four *Barker* factors, the record reveals that although twenty-two months elapsed between arrest and trial creating a presumption of prejudice, the defense was clearly responsible for some of the delay. In this regard, the record reveals that Boulton repeatedly sought leaves of absence, including one after he filed the motion to dismiss due to an alleged lack of a speedy trial. Williams and Edwards never attempted to sever their case or otherwise protest these repeated absences, thereby impliedly acquiescing in the delay.[2]

As to the third factor, none of the appellants filed a demand for speedy trial pursuant to OCGA § 17-7-170 (a) and did not otherwise invoke his speedy trial right until February 2, 2000, less than two weeks before trial.[3] It appears that, once out of jail on bond, appellants had no interest in pursuing this case until forced to do so by its placement on the trial calendar.

Finally, as to the fourth factor, we find little merit to appellants' claims they were prejudiced by the delay:

(a) In the court below, Boulton's attorney claimed that Boulton's memory of specific events was becoming less clear. What these "specific events" may be and how they relate to the defense were not mentioned. Further, Boulton did not testify, and there is no evidence in the record regarding Boulton's fuzzy recall or the effect thereof.

Before this Court, Boulton claims that his ability to locate "potential alibi witnesses and other defense witnesses has been substantially impaired" by the 22-month delay between arrest and trial. However, Boulton has never identified such "potential" defense witnesses, either before this Court or in the court below, although he has had 22 months to do so. Accordingly, we conclude that the delay did not impair Boulton's ability to locate witnesses he never identified to begin with.

(b) Williams and Edwards claim that an allegedly crucial witness, Diedre McConnell, may be "potentially" unavailable due to the passage of time; however, it was acknowledged at the hearing on the motions that Williams' attorney "had been in contact with this woman periodically" and that a single attempt to reach her had been unsuccessful. Further, by brief it is acknowledged that the testimony sought from McConnell can be established by two other "guys" who were present when the victim met the appellants at the Freaknik celebration downtown and allegedly "voluntarily" left the area with

---

[1] (Citations omitted.) *Hall v. State*, 240 Ga. App. 356, 357 (3) (523 SE2d 409) (1999).

[2] *Johnson v. State*, 271 Ga. 375, 377 (2) (519 SE2d 221) (1999).

[3] Id. at 378; *Brown v. State*, 264 Ga. 803 (2) (450 SE2d 821) (1994).

them. Accordingly, such claim does not rise to the level of prejudice so as to warrant dismissal of rape charges.[4]

"We must keep in mind that juxtaposed against the defendant[s'] right to a speedy trial is society's corresponding right to try the defendant[s]."[5] Considering the record carefully, we find that the trial court did not abuse its discretion in denying appellants' motions to dismiss for lack of a speedy trial.[6]

*Judgment affirmed. Blackburn, C. J., and Barnes, J., concur.*

DECIDED FEBRUARY 14, 2001 — RECONSIDERATIONS DENIED FEBRUARY 27, 2001 AND MARCH 1, 2001 — ▉▉▉▉▉▉▉

*Mark A. Scott*, for appellant (case no. A00A1798).

*Smith, White, Sharma & Halpern, Jonathan Goldberg*, for appellant (case no. A00A1799).

*Dwight L. Thomas, JoAnn C. Fields*, for appellant (case no. A00A1859).

*Paul L. Howard, Jr., District Attorney, Alvera A. Wheeler, Elizabeth A. Baker, Assistant District Attorneys*, for appellee.

---

[4] Likewise, Edwards' claim that the 22-month delay prejudiced his ability to obtain a college education is without an evidentiary basis. Moreover, the "prejudice" involved in a speedy trial analysis goes to the defense to the charges, *Thomas v. State*, 233 Ga. App. 224, 226 (504 SE2d 59) (1998), not the impact a properly returned true bill may have had on a defendant's personal life. Notably, Edwards' claims in this regard ring especially hollow since, once on bond, he made no effort to seek a speedy resolution to the charges against him.

[5] *Jernigan v. State*, 239 Ga. App. 65, 68 (517 SE2d 370) (1999).

[6] *Jackson v. State*, 231 Ga. App. 187, 190 (498 SE2d 780) (1998).