## A01A0970. McKINNEY v. THE STATE.
### (549 SE2d 164)

MIKELL, Judge.

Randolf McKinney appeals the trial court's denial of his motion for discharge and acquittal, contending that his Sixth Amendment right to a speedy trial was violated. For the reasons set forth below, we affirm.

McKinney was arrested on April 12, 1998, and indicted on June 23, 1998, on four counts of armed robbery. The trial court on July 17, 1998, entered an order granting bond. McKinney was released and presently remains on bond. On July 21, 2000, McKinney filed his motion for discharge and acquittal, contending that the 27-month delay between the date of his arrest and his trial date[1] violated his Sixth Amendment right to a speedy trial. McKinney's motion was heard and denied on August 28, 2000.

---

[1] The case was scheduled to be tried on the August 21, 2000 trial calendar.

In his sole enumeration of error, McKinney argues that the 27-month delay violated his Sixth Amendment right to a speedy trial. McKinney's claim must be analyzed under the test prescribed in *Barker v. Wingo*,[2] in which the U. S. Supreme Court identified four factors for consideration: "(1) the length of the delay, (2) the reason for delay, (3) the defendant's assertion of the right[,] and (4) the prejudice to the defendant."[3] In analyzing the fourth factor, we are required "to consider three interests: (i) preventing oppressive pretrial incarceration, (ii) minimizing anxiety and concern of the defendant, and (iii) limiting the possibility that the defense will be impaired."[4] We review the trial court's denial of McKinney's motion under an abuse of discretion standard.[5]

We have previously held that a 27-month delay is presumptively prejudicial;[6] thus, no analysis of the first factor is required. As to the second factor, McKinney argues that although the state did not intentionally delay the trial, the delay was caused by its negligence in handling the case. Specifically, three different assistant district attorneys have been assigned to the case. Additionally, in March 2000, the trial court erroneously placed the case on a plea and arraignment calendar when it should have been on a trial calendar. Though we note that the record is devoid of evidence that the state intentionally dragged its feet to impact McKinney's defense, the delay is a negative factor that must be attributed to the state.[7] The third factor, however, must be weighted against McKinney because he did not assert his constitutional right to a speedy trial until July 21, 2000.[8]

The remaining factor, prejudice to McKinney's defense, "is the factor weighed most heavily in determining whether the constitutional right to a speedy trial has been violated."[9] As stated earlier, when analyzing this factor we must consider whether the delay caused the defendant to suffer oppressive pretrial incarceration, undue anxiety and concern and whether it impaired his defense. There is no evidence in the record that requires us to balance any of these interests in McKinney's favor. He did not suffer oppressive pretrial incarceration because he has been on bond since July 1998.[10] McKinney has not offered evidence that he suffered undue anxiety

---

[2] 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972).

[3] (Citation omitted.) *Hall v. State*, 240 Ga. App. 356, 357 (3) (523 SE2d 409) (1999).

[4] (Citation omitted.) *Johnson v. State*, 268 Ga. 416, 417 (2) (490 SE2d 91) (1997).

[5] *Thomas v. State*, 233 Ga. App. 224, 225-226 (2) (504 SE2d 59) (1998).

[6] *Boseman v. State*, 263 Ga. 730, 732 (1) (a) (438 SE2d 626) (1994).

[7] *Thomas*, 233 Ga. App. at 226 (2).

[8] See *Johnson*, 268 Ga. at 416, 418 (2).

[9] (Citation omitted.) *Nealy v. State*, 246 Ga. App. 752, 754 (3) (542 SE2d 521) (2000).

[10] See *Simpson v. State*, 150 Ga. App. 814, 816 (258 SE2d 634) (1979).

and concern. McKinney's only argument is that his defense was prejudiced by the delay because he cannot locate defense witnesses from whom he previously obtained affidavits. "[A]ny prejudice which results merely from the passage of time cannot create the requisite prejudice. The possibilities that memories will dim, witnesses become inaccessible, . . . are not in themselves enough to demonstrate that [McKinney] cannot receive a fair trial."[11] Thus, this factor, too, must be weighted against McKinney.

Balancing all four factors, we conclude that McKinney's Sixth Amendment right to a speedy trial was not violated; thus, the trial court did not abuse its discretion when it denied McKinney's motion for discharge and acquittal.

*Judgment affirmed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED MAY 9, 2001 —
RECONSIDERATION DENIED JUNE 8, 2001 —

*Dwight L. Thomas, Jo Ann C. Fields,* for appellant.
*Paul L. Howard, Jr., District Attorney, Alvera A. Wheeler, Lawton W. Scott, Ferdinand M. Viscuse, Assistant District Attorneys,* for appellee.

---

[11] (Citations and punctuation omitted.) *Wooten v. State*, 262 Ga. 876, 880 (3) (426 SE2d 852) (1993).