A03A1304, A03A1305. LAMAR v. THE STATE (two cases).
(586 SE2d 416)

ELDRIDGE, Judge.

Eugene Lamar's appeals originate from two state court misdemeanor traffic cases arising in October 1999, which were consoli-

dated for disposition in the court below.[1] We consolidate them for purposes of this appeal, since they involve precisely the same issue on the same set of facts.

The record shows that, shortly after his arrest in 1999, Lamar was released on bond on the instant traffic offenses. Thereafter, he was incarcerated on and off between 1999 and 2002 on unrelated offenses. Prior to August 2002, he was paroled from an unrelated offense. In August 2002, Lamar came into state court to dispose of the instant traffic offenses. In the course of such disposition, Lamar learned that the State sought a year's incarceration on the charges. He then made a motion to dismiss based upon a violation of his constitutional right to a speedy trial. A very brief hearing was held on the motion wherein it was clear that Lamar's allegations were meritless in that: (1) Lamar had bonded out on the traffic charges and was never incarcerated on them;[2] (2) an equal cause for delay in the disposition of the cases was due to Lamar's failure to inform the court clerk or the bonding company of his change of address after, as Lamar put it, he "had a banishment" from his previous address;[3] (3) Lamar never requested disposition and/or trial on the instant traffic charges, even when he was incarcerated on unrelated offenses;[4] and (4) Lamar's sole asserted basis for being "cruelly prejudiced" by pretrial delay was not that his *defense* was in any way impaired or that he suffered anxiety, but that his *sentencing* was affected, i.e., if he had known the State wanted a year's prison time on the traffic charges, he could have had the incarceration run at the same time as his incarceration on unrelated offenses.[5] The trial court denied the speedy trial motion. Lamar's lawyer was ready:

> Your Honor, I have taken the liberty, if I may, using Judge McLaughlin's rule to present orders before my notice of appeal would be effective, I need to have the order signed

---

[1] In two separate accusations, Lamar was charged with driving with a suspended license, no proof of insurance, no driver's license, and improper tag occurring on October 2, 1999; and with driving with a suspended license occurring on October 11, 1999.

[2] See *Nelloms v. State*, 274 Ga. 179, 181 (549 SE2d 381) (2001) (defendant was "free on bail so there has been no oppressive pretrial incarceration" so as to implicate speedy trial concerns); accord *Heinen v. State*, 186 Ga. App. 373, 375 (d) (367 SE2d 275) (1988) (defendant "was at liberty on bond").

[3] Compare *State v. Johnson*, 274 Ga. 511, 512-513 (2) (555 SE2d 710) (2001) (record contains evidence that defendant left new address with authorities).

[4] See *Brannen v. State*, 274 Ga. 454, 456 (553 SE2d 813) (2001) ("It is the defendant's responsibility to assert the right to trial, and the failure to exercise that right is entitled to strong evidentiary weight against the defendant.") (citations and punctuation omitted).

[5] See *Mullinax v. State*, 273 Ga. 756, 759 (2) (545 SE2d 891) (2001) ("[T]o establish prejudice, the defendant must show *actual* anxiety and concern and *specific evidence* of how the delay impaired his ability to defend himself.") (citation and punctuation omitted; emphasis in original).

and docketed. If I might present — present the order. And since this order is directly appealable, Judge, once the order is signed and entered, I — I've prepared a notice of appeal and have got my check for the twenty-five dollars for each appeal, because that's what they want, which I intend to file this morning, if it please the court. Where's our clerk? . . . And I think with that, this court loses jurisdiction of this matter.

A hearing transcript was finally prepared on February 26, 2003. It was sent to this Court, and the instant appeal was docketed on March 3, 2003. Lamar has remained on bond on these traffic offenses for eight months, pending disposition of this appeal.

And, so, we see firsthand the "persuasive rationale for . . . creating a distinction between constitutional and statutory speedy trial rulings"[6] when it comes to direct appeal. A statutory speedy trial claim contains procedural safeguards to prevent its use solely for purposes of delay, i.e., a demand for speedy trial must be filed within a specific time period *well in advance of any trial date*; service of notice on the State must be accomplished; the defendant's desire for trial is made abundantly clear; and the time period in which trial must be held is specified.[7]

However, a direct appeal of a "constitutional" right to a speedy trial is — as here — ripe for abuse when a defendant on bond faces jail time:

[a] motion to dismiss based solely on constitutional speedy trial grounds can be filed immediately prior to trial; without notice; without any indication that speedy trial concerns were ever at issue; and completely without merit. When interposed for purposes of delay, the denial of such motion will accomplish its goal if direct appeal is available as a matter of right.[8]

It is for this reason, among others, that the Supreme Court of the United States has declined to permit direct appeal from the denial of a motion to dismiss based upon a constitutional right to a speedy trial:

in every case there will be some period between arrest or indictment and trial during which time every defendant will

---

[6] *Callaway v. State*, 275 Ga. 332, 333 (567 SE2d 13) (2002).

[7] OCGA § 17-7-170.

[8] (Punctuation and footnote omitted.) *Callaway v. State*, 258 Ga. App. 118, 120 (572 SE2d 751) (2002).

either be incarcerated or on bail subject to substantial restrictions on his liberty. Thus, any defendant can make a pretrial motion for dismissal on speedy trial grounds and, if . . . not honored, could immediately appeal its denial. . . . [W]e decline to exacerbate pretrial delay.[9]

As this case demonstrates, such pretrial delay is all too possible under the current state of the law in Georgia, even though, "Delay often works to a defendant's advantage."[10] Unfortunately, change of opinion wrought from dear-bought experience takes not only recognition, but receptivity. Consequently, Lamar's direct appeal lies.[11]

We find that, because Lamar was equally responsible for the reason for the pretrial delay, he never asserted his right to trial on or requested disposition of the instant traffic charges, he did not suffer oppressive pretrial incarceration on the charges, and he failed to show that pretrial delay either prejudiced his defense or caused him anxiety, the trial court did not abuse its discretion in finding that Lamar's constitutional right to a speedy trial was not violated.[12]

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED AUGUST 13, 2003.

*Teddy R. Price*, for appellant.
*Gwendolyn R. Keyes, Solicitor-General, Andrew R. Fiddes, Assistant Solicitor-General*, for appellee.

---

[9] (Citation and punctuation omitted.) *United States v. MacDonald*, 435 U. S. 850, 862-863 (98 SC 1547, 56 LE2d 18) (1978).

[10] (Citation and punctuation omitted.) *Thomas v. State*, 274 Ga. 492, 495 (555 SE2d 693) (2001).

[11] *Callaway v. State*, supra, 275 Ga. at 333.

[12] *Barker v. Wingo*, 407 U. S. 514, 533-534 (92 SC 2182, 33 LE2d 101) (1972); *McKinney v. State*, 250 Ga. App. 22 (549 SE2d 164) (2001).