## A05A0927. THE STATE v. SUTTON.
(614 SE2d 206)

PHIPPS, Judge.

Kennie Sutton filed a motion to dismiss a seven-year-old indictment returned against him in the Superior Court of Fulton County, complaining of violation of his right to a speedy trial as guaranteed by the state and federal constitutions. The superior court granted the motion to dismiss based on violation of Sutton's constitutional right to a speedy trial. The state appeals. Applying the criteria for analyzing speedy trial claims set forth in *Barker v. Wingo*,[1] the superior court did not abuse its discretion in granting Sutton's motion. We thus affirm.

This case began with Sutton's arrest in November 1997 when he was a 13-year-old middle school student. He was charged with the armed robbery of another student at school. A preliminary hearing was held in early December 1997, within about three weeks of Sutton's arrest, and he was released on bond. About a week after the preliminary hearing, an indictment was returned in the Superior Court of Fulton County charging Sutton with armed robbery and possession of a firearm during the commission of a felony. Sutton was declared indigent and counsel was appointed to represent him.

In January 1998, Sutton's case began appearing on plea and arraignment calendars in the Superior Court of Fulton County. In May 1998, the case first appeared on a trial calendar. For unexplained reasons, the case was not tried; and it began reappearing on plea and arraignment calendars until November 1999, i.e., for about the next one and one-half years. In 2000, the case was reassigned from one division of superior court to another and again began to appear on various pretrial calendars from March 2000 until May 2001. For about the next two years, the case apparently was lost in the system and appeared on no calendars. Then, in June 2003, the Fulton County District Attorney's office discovered the case and asked that it be re-calendared. In September 2003, a plea of not guilty

---

[1] 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972).

was entered and the superior court ordered the parties in the case to appear in court in January 2004 for a "Final Plea Hearing." Before the hearing, however, Sutton filed his motion to dismiss the indictment.

Evidence introduced at the hearing on the motion to dismiss showed that from November 1999 until June 2003, Sutton was charged with several criminal offenses in different counties within the metropolitan Atlanta area, resulting in his incarceration in and release from a number of juvenile detention centers. Authorities in Fulton County made one unsuccessful attempt to locate Sutton in the juvenile system in May 2001.

> The Sixth Amendment guarantees that, "in all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial. . . ." On its face, the Speedy Trial Clause is written with such breadth that, taken literally, it would forbid the government to delay the trial of an "accused" for any reason at all. [United States Supreme Court] cases, however, have qualified the literal sweep of the provision by specifically recognizing the relevance of four separate enquiries: whether delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result. [Cit.][2]

These four separate inquiries are commonly referred to as "the four-part test of *Barker v. Wingo* . . . , which considers (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of the right, and (4) the prejudice to the defendant."[3] These factors are to be "considered together in a balancing test of the conduct of the prosecution and the defendant."[4] "And while courts must undertake a difficult and sensitive balancing process in weighing these factors, we must affirm the trial court's decision absent an abuse of discretion. [Cit.]"[5]

### Length of delay

> This factor actually figures into the speedy trial analysis in two respects. First, a court must determine whether the delay has crossed the threshold dividing ordinary from

---

[2] *Doggett v. United States*, 505 U. S. 647, 651 (112 SC 2686, 120 LE2d 520) (1992), citing *Barker v. Wingo*, supra.

[3] *Jackson v. State*, 231 Ga. App. 187, 188 (2) (498 SE2d 780) (1998).

[4] *Boseman v. State*, 263 Ga. 730, 731 (1) (438 SE2d 626) (1994).

[5] *Hall v. State*, 240 Ga. App. 356, 357 (3) (523 SE2d 409) (1999).

presumptively prejudicial delay, since, by definition, the accused cannot complain that the government has denied him a speedy trial if it has, in fact, prosecuted his case with customary promptness. If the delay passes this threshold test of presumptive prejudice, then the *Barker* inquiry is triggered. The delay is then considered a second time by factoring it into the prejudice prong of the *Barker* analysis, with the presumption that pretrial delay has prejudiced the accused intensifying over time. However, the presumptive prejudice arising from delay cannot alone carry a Sixth Amendment claim without regard to the other *Barker* criteria. Instead, it is part of the mix of relevant facts, and its importance increases with the length of delay.[6]

It has been held that a delay of over two years from arrest to defendant's motion to dismiss raises a threshold presumption of prejudice.[7] The delay in this case, of approximately seven years, can be described as egregious.[8]

## *Reason for delay*

As found by the trial court, most of the delay in this case is unexplained. Unexplained delay is construed against the state[9] and, therefore, must be considered the result of the state's negligence.[10]

Between diligent prosecution and bad-faith delay, official negligence in bringing an accused to trial occupies the middle ground. . . . Although negligence is obviously to be weighed more lightly than deliberate intent to harm the accused's defense, it still falls on the wrong side of the divide between acceptable and unacceptable reasons for delaying a criminal prosecution once it has begun. And such is the nature of the prejudice presumed that the weight we assign to official negligence compounds over time as the presumption of evidentiary prejudice grows. Thus, our toleration of such negligence varies inversely with its protractedness, [cit.]. . . .[11]

---

[6] (Citations and punctuation omitted.) *Boseman,* supra, 263 Ga. at 732 (1) (a).

[7] *Johnson v. State,* 268 Ga. 416, 417 (2) (490 SE2d 91) (1997).

[8] See *Brannen v. State,* 274 Ga. 454, 455 (553 SE2d 813) (2001).

[9] *Daughenbaugh v. State,* 225 Ga. App. 7, 9 (482 SE2d 517) (1997).

[10] *Johnson,* supra, 268 Ga. at 418.

[11] *Doggett,* supra, 505 U. S. at 656-657.

*Defendant's assertion of his right to speedy trial*

Sutton did not assert his constitutional right to a speedy trial until after his case was called for a final plea hearing. It was then, in 2003, that he moved to dismiss the 1997 indictment. This delay in asserting his right to a speedy trial is weighted against Sutton.[12]

*Prejudice to defendant*

[U]nreasonable delay between [indictment] and trial threatens to produce more than one sort of harm, including oppressive pretrial incarceration, anxiety and concern of the accused, and the possibility that the accused's defense will be impaired by dimming memories and loss of exculpatory evidence. Of these forms of prejudice, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system.[13]

Consideration of prejudice to the ability of the defendant to prepare his defense is not limited to the specifically demonstrable.[14]

*Barker* explicitly recognized that impairment of one's defense is the most difficult form of speedy trial prejudice to prove because time's erosion of exculpatory evidence and testimony can rarely be shown. And though time can tilt the case against either side, one cannot generally be sure which of them it has prejudiced more severely. Thus, we generally have to recognize that excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify.[15]

In this case, given the inordinately lengthy delay between arrest and the time the case was called for a final hearing, combined with the correspondingly strong presumption of prejudice to the defense and the negligence of the prosecution in failing to move the case, the trial court did not abuse its discretion in dismissing the indictment for denial of Sutton's constitutional right to a speedy trial, notwithstanding the fact that Sutton was released on bond at his preliminary

---

[12] *Boseman*, supra, 263 Ga. at 733 (1) (c).

[13] (Citations and punctuation omitted.) *Doggett*, supra, 505 U. S. at 654; see, e.g., *Thomas v. State*, 233 Ga. App. 224, 225 (2) (504 SE2d 59) (1998).

[14] *Doggett*, supra, 505 U. S. at 655.

[15] (Citations and punctuation omitted.) Id. at 655-656.

hearing and did not assert his speedy trial right until long after the indictment was brought.

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED APRIL 21, 2005.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Alvera A. Wheeler, Assistant District Attorneys*, for appellant.

*R. Gary Spencer*, for appellee.