## S02A1876. TRIPP v. THE STATE.
### (575 SE2d 507)

SEARS, Presiding Justice.

The appellant, Hillman Tripp, appeals from the trial court's denial of his motion to bar his prosecution for murder based on the alleged violation of his constitutional right to a speedy trial. For the reasons that follow, we affirm. In balancing the factors set forth in *Barker v. Wingo*,[1] we conclude that the State's delay in bringing Tripp to trial must be weighed against the State, but that that factor is outweighed by the lack of prejudice to Tripp. As for prejudice,[2] although the record shows that Tripp has suffered some anxiety and

---

[1] 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972).

[2] "In analyzing the prejudice factor, we 'consider three interests: (i) preventing oppressive pretrial incarceration, (ii) minimizing anxiety and concern of the defendant, and (iii) limiting the possibility that the defense will be impaired.' *Brannen v. State*, 274 Ga. 454, 456 (553 SE2d 813) (2001)." *State v. Johnson*, 274 Ga. 511, 513 (555 SE2d 710) (2001). Moreover, " '[o]f these forms of prejudice, "the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." ' " *Johnson*, 274 Ga. at 513, quoting *Doggett v. United States*, 505 U. S. 647, 652 (II) (112 SC 2686, 120 LE2d 520) (1992).

stress, Tripp was only incarcerated for several weeks and then was released on bond, and thus has not shown oppressive pretrial incarceration. More importantly, there is no evidence in the record that Tripp's defense has been impaired by the delay in bringing him to trial. For these reasons, we conclude that the trial court did not err in denying Tripp's motion to bar his prosecution.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 13, 2003.

*Michael R. Duponte, Brian Steel*, for appellant.

*Paul L. Howard, Jr., District Attorney, Christopher M. Quinn, Ashutosh S. Joshi, Assistant District Attorneys, Thurbert E. Baker, Attorney General*, for appellee.