## A07A2320. THE STATE v. MOORE.

(656 SE2d 156)

JOHNSON, Presiding Judge.

This appeal is from an order of discharge and acquittal based on a 15-month delay which allegedly denied criminal defendant Rodney Moore's constitutional rights to a speedy trial. Because there is no evidence to support the trial court's finding that the delay prejudiced Moore, we must reverse the order.

Moore was arrested on December 17, 2005, for driving under the influence of alcohol and endangering a child. On August 30, 2006, Moore's attorney sent a letter to the district attorney's office indicating that Moore was exercising his federal and state constitutional rights to a speedy trial and requesting that the state file an accusation against him. More than three months later, on December 18, 2006, the district attorney filed a formal accusation charging Moore with DUI and child endangerment. On March 1, 2007, Moore, who had not yet been arraigned, filed a waiver of formal arraignment, a plea of not guilty and a demand for a jury trial. Six days later, on March 7, Moore moved for discharge and acquittal, asserting that his federal and state constitutional rights to a speedy trial had been denied. After a hearing, the trial court granted the motion. The state appeals from the order of discharge and acquittal.

1. The state complains that the trial court erred in granting the motion for discharge and acquittal before the expiration of the time period for Moore to file a statutory demand for a speedy trial pursuant to OCGA § 17-7-170. The state's complaint is misplaced because filing

a statutory speedy trial demand is not a prerequisite to seeking discharge and acquittal based on a denial of constitutional rights to a speedy trial.[1]

> Unlike the statutory protections conferred by OCGA §§ 17-7-170 and 17-7-171 that attach with formal indictment or accusation, the Sixth Amendment provides constitutional protection over and above the statutory provisions and under that amendment, the right to a speedy trial attaches upon arrest and can be asserted thereafter.[2]

Here, Moore properly asserted his constitutional rights to a speedy trial after his arrest and sought dismissal of the criminal charges based solely on the denial of such rights. Since he had no obligation to also file a statutory speedy trial demand, it follows that the trial court had no obligation to wait for the expiration of the statutory demand period before ruling on the properly asserted constitutional claim.

2. The state contends the trial court abused its discretion in ruling that Moore's constitutional rights to a speedy trial have been violated. While we do not condone the state's negligent delay of this case, we agree that the trial court erred in finding a constitutional violation.

In determining whether there has been a violation of the federal or state constitutional rights to a speedy trial, a court must consider four factors: length of the delay, reason for the delay, defendant's assertion of the right, and prejudice to the defendant.[3] The factors should be considered together in a balancing test of the conduct of the prosecution and the defendant.[4] On appeal, a trial court's decision that speedy trial rights were violated will not be reversed unless an abuse of discretion is shown.[5] However, where the trial court has clearly erred in some of its findings or misapplied the law, the deference owed the trial court's ultimate ruling is diminished.[6]

In the instant case, the trial court's findings as to the first three factors are not erroneous. First, in considering the length of delay factor, the right to a speedy trial attaches at the time of arrest or of

---

[1] *Snow v. State*, 229 Ga. App. 532, 533 (494 SE2d 309) (1997); *Butler v. State*, 207 Ga. App. 824, 825-826 (429 SE2d 280) (1993); *State v. King*, 137 Ga. App. 26, 27 (222 SE2d 859) (1975).

[2] (Citations omitted.) *Smith v. State*, 266 Ga. App. 529, 532 (3) (597 SE2d 414) (2004).

[3] *Coney v. State*, 259 Ga. App. 525, 526 (578 SE2d 193) (2003); *Jackson v. State*, 231 Ga. App. 187, 188 (2) (498 SE2d 780) (1998).

[4] *State v. Giddens*, 280 Ga. App. 586, 587 (634 SE2d 526) (2006).

[5] Id.; *Coney*, supra.

[6] *Williams v. State*, 277 Ga. 598, 601 (1) (e) (592 SE2d 848) (2004).

formal charges, whichever is earlier.[7] Here, Moore was arrested one year before formal charges were brought, so his constitutional right to a speedy trial attached at the time of arrest. The length of delay from his arrest on December 17, 2005, until he moved for dismissal of the charges on March 7, 2007, was approximately 15 months. Generally, any delay of eight months or more is presumptively prejudicial.[8] Since the threshold requirement of presumptive prejudice was met, the trial court properly considered the other factors to determine if Moore was denied his constitutional right to a speedy trial.[9]

As to the reason for the delay, the state has offered no explanation as to why it waited for a year after the arrest, including a three-month delay after Moore had exercised his constitutional rights, to formally accuse Moore. While it appears that the delay was the result of negligence by the state, rather than deliberate action to impair the defense, and was thus relatively benign, any delay attributable to the state is a negative factor that to some extent is weighed against the prosecution.[10]

Regarding the third factor, the state claims there is no evidence in the record to support the trial court's finding that Moore asserted his constitutional rights to a speedy trial. The state's claim is contradicted by the record. At the motion hearing, counsel for Moore stated in his place that on August 30, 2006, he sent a letter to the district attorney which listed several DUI defendants, including Moore, whom he was representing and which stated that all his clients were exercising their federal and state constitutional rights to a speedy trial. The state did not object to the attorney's statement and has made no claim that it did not receive the letter. The statement of a defense attorney for the record is prima facie true, and if the state does not object, it serves in the nature of a stipulation.[11] Given counsel's unchallenged statement in his place, the trial court's finding that Moore had exercised his constitutional rights to a speedy trial is supported by the evidence.

However, the trial court's finding that Moore has been prejudiced by the delay is not supported by the evidence. The factor of prejudice to the defendant involves three interests that the right to a speedy trial was designed to protect: preventing oppressive pretrial incarceration, minimizing anxiety and concern of the defendant and limiting the possibility of impairment of the defense.[12] In this case, it

---

[7] *Giddens*, supra.

[8] Id. at 587-588.

[9] Id.

[10] *State v. Carr*, 278 Ga. 124, 126 (598 SE2d 468) (2004).

[11] *Rector v. State*, 213 Ga. App. 450, 451, n. 1 (444 SE2d 862) (1994).

[12] *Giddens*, supra at 588.

is undisputed that Moore has not suffered oppressive pretrial incarceration. Rather, the sole basis for the trial court's finding of prejudice is that Moore has suffered anxiety and his defense has been impaired because he has been unable to drive lawfully for several months. In its order of discharge and acquittal, the trial court found:

> The State's delay in prosecution has resulted in prejudice to defendant in the form of anxiety, loss of his ability to lawfully drive an automobile for in excess of six months to date. . . . Defendant's inability to lawfully drive is not a mere annoyance, rather it interferes with normal job and family activities in a modern society, not to mention interfering with the ability to travel to defendant's attorney's office to consult and prepare for trial.

The prejudice element of anxiety and concern "is always present to some extent, and thus absent some unusual showing is not likely to be determinative in defendant's favor."[13] Moreover, the 15-month delay from the time of arrest to the time of Moore's motion for discharge and acquittal is insufficient to raise an inference of actual prejudice, so Moore must show actual anxiety and concern and specific evidence of how the delay impaired his ability to defend himself.[14] Contrary to the findings of the trial court, Moore has not made these showings.

Moore was the only witness at the motion hearing, and his brief testimony essentially consisted of him identifying the traffic citations and the now-expired temporary driving permit issued by the arresting officer. Moore did not, however, testify that he has suffered actual anxiety or concern, that his job and family activities have been interfered with, that he has been unable to travel to his attorney's office or that he has been unable to prepare for trial. Moreover, he has pointed to no other evidence in the record which would support such factual findings by the trial court.

Since Moore has shown neither actual anxiety or concern that would balance this factor in his favor,[15] nor any specific evidence of how the delay has impaired his ability to defend himself,[16] the trial court abused its discretion in finding otherwise. Given the trial court's erroneous findings as to the prejudice factor, the deference

---

[13] (Citations and punctuation omitted.) *Boseman v. State*, 263 Ga. 730, 733 (1) (d) (438 SE2d 626) (1994).

[14] See *Johnson v. State*, 268 Ga. 416, 418 (2) (490 SE2d 91) (1997) (21-month delay did not raise inference of actual prejudice).

[15] *Boseman*, supra at 733.

[16] Id. at 734 (1).

owed its ultimate ruling is diminished.[17] In balancing all the speedy trial factors, including the absence of any evidence of prejudice arising from the state's relatively benign negligence, we conclude that Moore has failed to show a denial of his constitutional rights. Therefore, the order of acquittal and discharge is reversed.

*Judgment reversed. Phipps and Mikell, JJ., concur.*

DECIDED DECEMBER 10, 2007 —
RECONSIDERATION DENIED JANUARY 7, 2008

*Fred A. Lane, Jr., District Attorney, Leslie M. Donaho, Jeanne M. O'Halleran, Assistant District Attorneys,* for appellant.
*Allen M. Trapp, Jr.,* for appellee.