## S08A0815. LAYMAN v. THE STATE.
(663 SE2d 169)

THOMPSON, Justice.

The question for decision in this murder case is whether the trial court erred by denying defendant's motion for acquittal in which he claimed that his constitutional right to a speedy trial was abridged. We answer this question in the negative.

Joshua Glen Layman was initially indicted on November 10, 2003, for eight crimes stemming from the death of Cameron Green. Layman filed a special demurrer, asserting that the indictment failed

---

to allege the date of the crimes with sufficient particularity. The trial court quashed the first indictment and the State appealed the trial court's order, but this court affirmed, reasoning that the State was reasonably capable of narrowing the range of dates set forth in the indictment. *State v. Layman*, 279 Ga. 340 (613 SE2d 639) (2005). Three weeks after this Court's decision, the State obtained a second and third indictment against Layman, and the defense again demurred. Rather than risk the entry of a second quash, which would bar the State from a further attempt to prosecute Layman for his crimes under OCGA § 17-7-53.1, the State requested entry of an order of nolle prosequi with regard to the indictments. The trial court entered orders of nolle prosequis over Layman's objections, and Layman appealed. This Court upheld the State's right to nolle prosequi both indictments. *Layman v. State*, 280 Ga. 794 (631 SE2d 107) (2006).

The State indicted Layman a fourth time, but moved to nolle prosequi the fourth indictment. Layman did not challenge this nolle prosequi. The State indicted Layman for a fifth, and final time, on December 5, 2005.

On August 30, 2007, two and a half weeks before the scheduled trial, Layman filed a motion for discharge and acquittal on the ground that he was denied his constitutional right to a speedy trial. In this regard, Layman asserted that the prosecution's delay prejudiced his defense because two material witnesses died: Kristie Holbrook, on March 14, 2005, and Travis Gaites, on July 3, 2006. The trial court denied Layman's motion.

Layman's Sixth Amendment claim is analyzed under the four-part balancing test set forth in *Barker v. Wingo*, which requires that we consider: (1) the length of the delay; (2) reasons for the delay; (3) defendant's assertion of the right; and (4) the prejudice to the defendant. *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972). Standing alone, none of these factors are a necessary, or sufficient condition to a finding of deprivation of the right to a speedy trial, but rather should be considered as part of a balancing test. *Washington v. State*, 243 Ga. 329, 330 (253 SE2d 719) (1979). Thus, we must apply and weigh these factors together to determine if Layman's constitutional right to a speedy trial has been abridged. *Treadwell v. State*, 233 Ga. 468 (211 SE2d 760) (1975).

## Length of the Delay

The court must first consider the length of delay when conducting a *Barker* analysis. *Doggett v. United States*, 505 U. S. 647 (112 SC 2686, 120 LE2d 520) (1992). If the delay passes the threshold test of "presumptively prejudicial," then the delay is considered a second

time by factoring it into the prejudice prong of the *Barker* analysis. Id. The length of the delay in this case, four years, is presumptively prejudicial and triggers an analysis of the remaining *Barker* factors. See *Brannen v. State*, 274 Ga. 454 (553 SE2d 813) (2001) (52-month delay presumptively prejudicial); *Nelloms v. State*, 274 Ga. 179 (549 SE2d 381) (2001) (51-month delay "egregious"); *Boseman v. State*, 263 Ga. 730 (438 SE2d 626) (1994) (27-month delay raises the threshold presumption of prejudice).

### Reasons for the Delay

To evaluate the reasons for delay, the court assigns various degrees of weight to the different reasons provided by the prosecution and the defense respectively. *Barker*, supra, 407 U. S. at 531. When evaluating these reasons, courts must accommodate the competing concerns of orderly appellate review and a speedy trial under the *Barker* balancing test. *United States v. Loud Hawk*, 474 U. S. 302, 303 (106 SC 648, 88 LE2d 640) (1986). Here, the delay is attributable to the inability of the State to properly indict Layman and to the interlocutory appeals of both the prosecution and the defense. The prosecution appealed the quashing of the first indictment; Layman appealed from the nolle prosequis of the second and third indictments. The trial court summed up the reasons for the delay as "a constant flow of filings and legal issues being raised throughout the procedural history." More significantly however, the trial court found that the State had taken no actions to deliberately delay the trial and had not been negligent in bringing the case to trial.

Thus, although the delay can be attributed to both sides, and perhaps more blame for the delay can be placed on the State than on Layman, there is nothing in the present case evidencing "that most serious abuse — 'A deliberate attempt to delay the trial in order to hamper the defense.' *Barker v. Wingo*, supra, 407 U. S. at 531." *Perry v. Mitchell*, 253 Ga. 593, 594-595 (322 SE2d 273) (1984). It follows that, to the extent delay stems from the State's inability to draft a perfect indictment, it is a relatively benign, although negative, factor. See *Jackson v. State*, 272 Ga. 782, 784 (534 SE2d 796) (2000).

### Assertion of the Right

It is defendant's responsibility to assert the right to a speedy trial. *Barker*, 407 U. S. at 531. The failure to assert that right usually weighs against the defendant because "delay often does work to a defendant's advantage." *Perry*, supra at 595. In the present case, Layman filed no statutory demand for trial under OCGA § 17-7-171,

but instead waited until August 30, 2007, two and a half weeks before his scheduled trial, to file a motion for acquittal. In fact, Layman delayed filing that motion even though he had been granted a two-month extension in September of 2006 to file motions. Layman did not even assert his speedy trial rights in March of 2007, when the trial court specially set this case for trial on September 17, 2007.

Layman claims that he did not seek an acquittal until August 2007 because the prejudice to his defense was not fully realized until that time. However, both of the witnesses who Layman alleges were material to his case died well over a year before Layman filed his motion. This delay in asserting the right to a speedy trial must be weighed heavily against Layman. See *Nelloms*, supra at 181 (51-month delay in asserting right to a speedy trial weighs against defendant).

### Prejudice to the Defendant

To evaluate the fourth *Barker* factor, prejudice to the defendant, we consider three interests: preventing oppressive pretrial incarceration, minimizing anxiety and concern of the defendant, and limiting the possibility that the defense will be impaired. *Boseman*, supra at 733 (1). Layman asserts that his pretrial incarceration has caused him great anxiety and concern for his health and family. However, this generalized concern is not significant. Anxiety and concern of the accused are " 'always present to some extent, and thus absent some unusual showing [are] not likely to be determinative in defendant's favor.' " Id. Additionally, we note that Layman's pretrial incarceration was not excessive.[1]

Impairment of the defendant's ability to prepare his case is the most serious form of prejudice. Courts have recognized that as the time between the commission of the crime and the trial lengthens, witnesses may become unavailable or their memories may fade. *Barker*, supra at 521. Moreover, "[i]f witnesses die or disappear during a delay, the prejudice is obvious." Id. at 532.

The witnesses who died, Holbrook and Gaites, were interviewed by the police and Layman's investigators. Holbrook, who was Layman's cousin and lived with him, and who knew the victim and saw him on the day before he disappeared, stated that on July 4, 2003, she woke up and asked Layman where the victim was; that Layman responded, "Cameron and I had a fight"; that Layman admitted to her later that day that he "had kicked Cameron's butt today"; that after the victim disappeared she received a phone call from Layman's

---

[1] Layman was free on bail from August 24, 2003 to February 20, 2007, when his bond was revoked.

mother asking her to get a bag that Layman left at another individual's residence; that she went to the residence, but did not retrieve the bag; and that a bag which was subsequently found in Lake Lanier was the bag she was asked to retrieve. Holbrook also stated that she and Layman were together the entire day and night of July 4, 2003.

Travis Gaites told the police that the victim was supposed to come to his house on July 3, 2003, but never arrived; and that the last time he spoke to the victim was the evening of July 4, 2003. He stated later, however, that he did not speak to the victim that evening.

The trial court found that "both deceased witnesses, based on witness statements provided to the court, appear to be more favorable to the State than the defendant." Our review of the witnesses' statements leads us to the same conclusion. Thus, we are hard pressed to find any prejudice to Layman resulting from the delay of trial and the death of these witnesses. Moreover, the State has agreed to stipulate to the statements the witnesses made to the police and to Layman's investigators. This stipulation significantly reduces any prejudice to Layman. No other specific prejudice to the defense has been alleged or demonstrated.

While we do not approve of the delay occasioned here, we must review each case on its own facts. Balancing the foregoing factors, we conclude that the trial court properly ruled that Layman was not denied his constitutional right to a speedy trial.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 30, 2008.

*H. Bradford Morris, Jr., Micki N. Vaughan, Brett M. Willis, Kristin I. Jordan*, for appellant.

*Lee Darragh, District Attorney, Jennifer C. Bagwell, Assistant District Attorney, Thurbert E. Baker, Attorney General*, for appellee.