### A08A1021. THE STATE v. STALLWORTH.
(667 SE2d 147)

RUFFIN, Presiding Judge.

The State appeals the trial court's order granting Tonio Stallworth's motion to dismiss his indictment on speedy trial grounds. For reasons that follow, we reverse.

1. Initially, we note that the State's brief contains no proper citations to the record, in violation of Court of Appeals Rule 25 (c) (2) (iii). We caution the State "that reference to the record should be indicated by specific volume or part of the record and by (R-Page Number of the Record). And where proper citations are not provided, we will not cull the record on appellant's behalf."[1]

2. We apply an abuse of discretion standard when reviewing the grant of a motion to dismiss based on a violation of the constitutional right to a speedy trial.[2] A trial court abuses its discretion when it rules without evidence to support the ruling or contrary to law or equity.[3] Stallworth was arrested on May 17, 2005 and indicted on two counts of burglary on May 24, 2005. He moved to dismiss the indictment on speedy trial grounds on September 20, 2007. His case had never been placed on a trial calendar. The trial court granted Stallworth's motion to dismiss in December 2007, finding that the more than 30-month delay was presumptively prejudicial and concluding that, after weighing the other factors it was required to consider under *Barker v. Wingo*,[4] Stallworth's right to a speedy trial had been violated.

In considering *Barker* issues, we apply a two-step analysis to a speedy trial claim.[5] "First, the court must determine whether the interval from the accused's arrest, indictment, or other formal accusation to the trial is sufficiently long to be considered 'presump-

---

[1] (Punctuation and footnotes omitted.) *Migmar, Inc. v. Williams*, 281 Ga. App. 870, 871 (1) (637 SE2d 471) (2006).

[2] See *State v. Sutton*, 273 Ga. App. 84 (614 SE2d 206) (2005).

[3] See *Glisson v. Global Security Svcs.*, 287 Ga. App. 640 (653 SE2d 85) (2007); *Strickland v. State*, 199 Ga. 792, 796 (35 SE2d 463) (1945) (the abuse of discretion standard "means simply that the reviewing court will not control [the trial court's] finding of facts upon conflicting evidence. If upon these facts an erroneous finding of law be rendered, the latter judgment will be set aside; but, if that judgment be sound as applied to his finding of facts, the reviewing court will not interfere.") (punctuation omitted).

[4] 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972).

[5] See *Ruffin v. State*, 284 Ga. 52, 55 (2) (663 SE2d 189) (2008).

tively prejudicial.' "[6] A delay of over two years, as is the case here, "raises a threshold presumption of prejudice."[7] Thus, we proceed to the second step of the analysis, in which we apply a four-factor balancing test.[8] The four factors to be considered are: whether the pretrial delay was uncommonly long; whether the defendant or the State is primarily responsible for the delay; whether the defendant timely asserted his right to a speedy trial; and whether the defendant was prejudiced by the delay.[9]

Our Supreme Court recently found that a pretrial delay of two years, two months, and twenty-three days was uncommonly long and weighed against the State, especially as the defendant was incarcerated for most of that time.[10] In this case, the delay between Stallworth's arrest and his motion to dismiss was two years and four months. And while we cannot determine from the record how much of that time Stallworth was incarcerated, the trial court noted in its order that he "spent some time in jail." Accordingly, the trial court properly decided that this factor weighs against the State.

Next, we must determine the reason for the delay. Stallworth did not contend in his motion that the delay was intentionally caused by the State, and the State asserts that the delay was caused by an overcrowded docket and the fact that four different assistant district attorneys and three different public defenders handled the case. Thus, the trial court correctly determined that this unintentional delay "is a relatively benign but definitely negative factor" that must be weighed against the State.[11] As the trial court found, the third factor weighs against Stallworth, as he delayed in asserting his right to a speedy trial, but did so before his case was placed on a trial calendar.[12]

The fourth factor is whether Stallworth was prejudiced by the delay. Prejudice may be established by showing oppressive pretrial incarceration, anxiety and concern on the part of the defendant, or impairment of the defense.[13] The most important consideration is whether the delay impaired the defense.[14] As the trial court noted,

---

[6] Id.

[7] *Sutton*, supra at 86.

[8] See *Ruffin*, supra.

[9] See id. at 56 (2) (b).

[10] See id. at 56 (2) (b) (i). The length of pretrial delay should be considered both in determining the threshold question of presumptive prejudice and as one of the factors to be balanced in the second step of the analysis.

[11] (Punctuation omitted.) *Hester v. State*, 268 Ga. App. 94, 97 (2) (601 SE2d 456) (2004); see also *Oni v. State*, 285 Ga. App. 342, 343-344 (2) (b) (646 SE2d 312) (2007).

[12] See *Bell v. State*, 287 Ga. App. 300, 302 (651 SE2d 218) (2007); *Oni*, supra at 344 (2) (c).

[13] See *State v. Johnson*, 274 Ga. 511, 513 (4) (555 SE2d 710) (2001).

[14] See *Disharoon v. State*, 288 Ga. App. 1, 5 (1) (d) (652 SE2d 902) (2007).

Stallworth raised no specific ways in which he suffered prejudice, instead merely arguing that excessive delay is presumed to compromise the reliability of a trial.[15] But "to establish prejudice, the defendant must show *actual* anxiety and concern and *specific evidence* of how the delay impaired his ability to defend himself."[16] As a result, the fourth factor weighs against Stallworth.[17]

In this case, we agree with the trial court's findings on each of the four factors individually. But we conclude that the trial court abused its discretion when, in weighing the four factors, it found that Stallworth's constitutional right to a speedy trial had been violated. The case law simply will not support such a conclusion on these facts. Judicial discretion, like equity, must follow the law.[18]

In reviewing this decision for abuse of discretion, we remember that "[n]o one factor is regarded as either a necessary or sufficient condition to finding a violation of the right to speedy trial, but they are factors that must be considered in a test balancing the conduct of the State and the defense."[19] Here, the record shows a delay in bringing Stallworth to trial, which is presumptively prejudicial. But delay, standing alone, is insufficient to establish a speedy trial violation.[20] And Stallworth has neither demonstrated nor claimed actual prejudice. Under these circumstances, where the delay was not deliberately caused by the State, Stallworth waited to assert his right to a speedy trial, and he has failed to show specific prejudice caused by the delay, "we find that the scales are weighted against [Stallworth's] claim and in favor of the State's duty to protect the person and property of its citizens by prosecuting the criminal charges."[21] Thus, we hold that the trial court abused its discretion in granting Stallworth's motion to dismiss the indictment, and we therefore reverse.[22]

*Judgment reversed. Andrews and Bernes, JJ., concur.*

DECIDED AUGUST 22, 2008.

*Paul L. Howard, Jr., District Attorney, John O. Williams, Assis-*

---

[15] We note that Stallworth did not file an appellate brief; all references to his arguments relate to his motion to dismiss the indictment.

[16] (Punctuation omitted; emphasis in original.) *Mullinax v. State*, 273 Ga. 756, 759 (2) (545 SE2d 891) (2001).

[17] See id.; *Williams v. State*, 279 Ga. 106, 109 (1) (c) (610 SE2d 32) (2005).

[18] See *Strickland*, supra (judicial discretion must be exercised in accordance with established rules of law).

[19] *Bell v. State*, 287 Ga. App. 300, 301 (651 SE2d 218) (2007).

[20] See *Boseman v. State*, 263 Ga. 730, 732 (1) (a) (438 SE2d 626) (1994).

[21] *State v. Giddens*, 280 Ga. App. 586, 590 (634 SE2d 526) (2006); see *State v. Moore*, 289 Ga. App. 99, 102-103 (656 SE2d 156) (2008).

[22] See *Giddens*, supra; *Moore*, supra.

*tant District Attorney*, for appellant.
*Kevin R. Brehm*, for appellee.