## S09A2036, S09A2037, S09A2038. MARSHALL v. THE STATE
### (three cases).
#### (689 SE2d 283)

THOMPSON, Justice.

In this appeal, defendant Stephen Marshall asserts the trial court erred in failing to find that the State violated his constitutional right to a speedy trial with regard to three separate offenses. He also contends his prosecution for felony murder is barred on double jeopardy grounds. Finding no error, we affirm.

1. Marshall was arrested and charged with felony murder in January 2004; he was indicted three months later. In December 2006 Marshall was indicted for child molestation; and in March 2007 he was indicted for armed robbery. While Marshall was awaiting trial for felony murder, he was housed in close proximity to Brian Nichols, who committed a series of murders when he escaped from custody in the Fulton County courthouse, and the district attorney believed he was a potential witness at Nichols' trial. Accordingly, Marshall's trial was delayed for several years, with Marshall's knowledge and cooperation, to determine whether Marshall could provide helpful information or testimony in the Nichols case. Ultimately, the district attorney determined that Marshall would not be used as a witness.

Marshall made a speedy trial demand on April 24, 2009. At that time, the felony murder prosecution was delayed more than five years; the child molestation case was delayed approximately two and a half years; and the armed robbery case was delayed a little more than two years.

> In *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972), the Supreme Court of the United States identified four factors to be considered by a court in determining whether an accused's constitutional right to a speedy trial had been violated . . . (a) the length of the delay, (b) the reason for the delay, (c) the defendant's assertion of his right, and (d) the prejudice to the defendant. 407 U. S. at 530. The Supreme Court further stated that it regarded none of the factors as either a necessary or sufficient condition to a finding of a deprivation of the right of speedy trial but rather that the factors should be considered together in a balancing test of the conduct of the prosecution and the defendant.

*Washington v. State*, 243 Ga. 329, 330 (1) (253 SE2d 719) (1979). Because the length of delay of each of the cases brought against Marshall raises a threshold presumption of prejudice and triggers further inquiry, we examine Marshall's speedy trial claims by apply-

ing these four factors. See *Doggett v. United States*, 505 U. S. 647 (112 SC 2686, 120 LE2d 520) (1992) (delay is presumptively prejudicial as it approaches one year).

(a) *Length of delay.* The delays in these cases were uncommonly long, particularly for the felony-murder prosecution.

(b) *Reason for the delay.* The primary reason for the delay in this case was Marshall's cooperation with the prosecution in the Brian Nichols case. Because both Marshall and the State agreed to the delay to explore whether Marshall would be able to help prosecute Nichols, it cannot be said that the delay can be attributed to the State.

(c) *Defendant's assertion of the right.* Because Marshall waited several years to assert his right to a speedy trial, until the case was nearing the time for trial, this factor, which must be given "strong evidentiary weight," *Barker*, supra at 531, weighs against Marshall. That is because it is the responsibility of the defendant to assert the right to a speedy trial since "delay often does work to a defendant's advantage." *Perry v. Mitchell*, 253 Ga. 593, 595 (322 SE2d 273) (1984).

(d) *Prejudice to defendant.* Marshall, who is already serving a lengthy federal prison sentence, is unable to point to any prejudice resulting from the delay, beyond the normal levels of anxiety and concern present in any criminal case. See *Layman v. State*, 284 Ga. 83, 86 (663 SE2d 169) (2008).

Weighing the four factors, we conclude that Marshall's constitutional right to a speedy trial has not been violated.

2. Defendant also asserts the prosecution should be barred on double jeopardy grounds because he was convicted in federal court of possession of a firearm and that same conduct serves as the predicate for the felony murder charge.[1] This assertion is without merit. The State is not prosecuting Marshall for possession of a firearm by a convicted felon; it is prosecuting him for felony murder. Thus, the State must prove facts which were not required to be proved in the federal prosecution. Moreover, the federal firearm offense required proof that Marshall was a convicted felon who possessed a firearm "in [and] affecting [interstate] commerce." 18 USC § 922 (g). Therefore, it was not within the concurrent jurisdiction of this State and does not bar a subsequent prosecution for felony murder predicated on the underlying firearm possession charge. See *Sullivan v. State*, 279 Ga. 893 (622 SE2d 823) (2005); OCGA § 16-1-8 (c).

*Judgments affirmed. All the Justices concur.*

---

[1] The indictment accuses Marshall of felony murder by shooting the victim with a firearm which he knowingly and unlawfully possessed because he was a convicted felon.

DECIDED FEBRUARY 1, 2010.

*Janet W. Hankins*, for appellant.

*Paul L. Howard, Jr., District Attorney, John O. Williams, Bettieanne C. Hart, Assistant District Attorneys, Thurbert E. Baker, Attorney General*, for appellee.