## S10A0428. ROBINSON v. THE STATE.
## S10A0429. WOODS v. THE STATE.
(695 SE2d 201)

MELTON, Justice.

In these consolidated cases, Bernard Henry Robinson and Ralph Woods, Sr., were indicted for murder and other offenses in connection with the beating, stabbing, and shooting death of John Steven Mitchell. Robinson and Woods moved to dismiss their indictments on the grounds that their constitutional rights to a speedy trial had been violated. The trial court denied these motions, prompting these appeals. For the reasons that follow, we affirm.

The record shows that Robinson and Woods were arrested on January 12, 2008, and that on May 20, 2008, the State filed a Motion to Disqualify the Circuit Defender's Office from representing the defendants due to a conflict of interest. On May 22, 2008, the trial court agreed to continue any hearing on the disqualification issue based on the Circuit Defender's request to obtain an informal advisory opinion on the conflict issue from the State Bar of Georgia. Almost four months later, on September 8, 2008, the Circuit Defender received the advisory opinion from the State Bar, which indicated that a conflict of interest may exist, and that the problem should be resolved by bringing in public defenders from other counties to represent the defendants. On September 22, 2008, an evidentiary hearing was held, and the Circuit Defender indicated that he would withdraw from the case and have new counsel appointed for Robinson and Woods within a week. The Circuit Defender withdrew from representing Robinson and Woods at that time, subject to new counsel being appointed by the Georgia Public Defender Standards Council or by the Circuit Defender himself bringing in public defenders from other counties. When no new counsel had been appointed within the next week, on October 1, 2008, the prosecutor wrote a letter to the trial judge to remind him of the need for the prompt appointment of new counsel for the defendants. On October 20, 2008, less than a month after the hearing on the Circuit Defender's potential conflict of interest, current counsel were appointed to represent the defendants.

Thereafter, the scheduled trials for the defendants were continued three times. Trials scheduled for the weeks of December 15, 2008 and January 5, 2009 were continued because, on December 15, 2008, the trial court ruled that the Circuit Defender was disqualified from representing Keith Williams, Robinson and Woods' other co-defendant, and new counsel had not yet been appointed for Will-

iams;[1] and the trial scheduled for May 4, 2009 was continued because the prosecutor was scheduled to be out of the country during that week.

By the time the case was set for a trial that was to commence on the week of July 27, 2009, a total of 18 months had elapsed since the date of the defendants' arrest. Woods filed his motion to dismiss the indictment based on an alleged violation of his right to a speedy trial on July 21, 2009, and Robinson filed his motion on July 23, 2009. The trial court denied the defendants' motions.

1. The defendants' constitutional speedy trial claims must be analyzed under the rubric of *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972). Under *Barker*'s four-part balancing test, the Court must consider:

> (1) the length of the delay; (2) reasons for the delay; (3) defendant's assertion of the right [to a speedy trial]; and (4) the prejudice to the defendant. Standing alone, none of these factors are a necessary or sufficient condition to a finding of deprivation of the right to a speedy trial, but rather should be considered as part of a balancing test.

(Citations omitted.) *Layman v. State*, 284 Ga. 83, 84 (663 SE2d 169) (2008). See also *Vermont v. Brillon*, ___ U. S. ___ (II) (129 SC 1283, 173 LE2d 231) (2009) ("*Barker* established a balancing test in which the conduct of both the prosecution and the defendant are weighed") (citation and punctuation omitted). The trial court's denial of a motion for discharge and acquittal based on an alleged speedy trial violation is reviewed under an abuse of discretion standard on appeal. *Burns v. State*, 265 Ga. 763 (462 SE2d 622) (1995).

(a) *Length of delay*: Unless the delay is presumptively prejudicial, it does not trigger a speedy trial analysis, "since, by definition, [a defendant] cannot complain that the government has denied him a speedy trial if it has, in fact, prosecuted his case with customary promptness." (Citation and punctuation omitted.) *Bowling v. State*, 285 Ga. 43, 44 (1) (a) (673 SE2d 194) (2009). As the State concedes, a delay of 18 months is presumptively prejudicial. See *Doggett v. United States*, 505 U. S. 647 (II) (112 SC 2686, 120 LE2d 520) (1992) (delay approaching a year raises a presumption of prejudice). Thus, the delay involved here triggers our analysis of the remaining *Barker* factors. See, e.g., *Ruffin v. State*, 284 Ga. 52 (2) (a) (663 SE2d 189) (2008).

---

[1] The Circuit Defender filed a request for the appointment of new counsel for Williams on January 12, 2009, and new counsel was appointed for this co-defendant on January 23, 2009. This co-defendant is not a party to the current appeals involving Robinson and Woods.

(b) *Reason for delay*: Under this factor, we must determine

> whether the government or the criminal defendant is more to blame for the delay. Deliberate delay to hamper the defense weighs heavily against the prosecution. More neutral reasons such as negligence or overcrowded courts weigh less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant. In contrast, delay caused by the defense weighs against the defendant.

(Citations and punctuation omitted.) *Vermont v. Brillon*, supra, ___ U. S. at ___ (II).

The defendants argue that the delay in appointing new counsel after counsel from the Circuit Defender's Office withdrew from the case must be weighed against the State. However, the United States Supreme Court has made clear that the State may only be "charged with those months [that the defendants are without counsel] *if* the gaps resulted from the trial court's failure to appoint replacement counsel with dispatch." (Emphasis supplied.) *Vermont v. Brillon*, supra, ___ U. S. at ___. Here, contrary to any effort by the State to cause delay, or any failure of the trial court to act with dispatch, the State's attorney made his best effort to bring about the prompt appointment of new counsel, and the trial court acted promptly to ensure that replacement counsel was appointed. Indeed, once it became clear that the Circuit Defender's Office would not continue with Robinson and Woods' cases, Robinson and Woods were provided with new counsel in less than a month. It cannot be said that the 28-day absence of counsel during Robinson and Woods' 17 months of continuous representation was a result of a failure of the trial court to act with dispatch in appointing new counsel for them. Accordingly, the brief absence of counsel for Robinson and Woods here cannot be weighed against the State. See id.

Also, the delay caused by the prosecutor being out of the country (after two previously scheduled trials had been delayed by continuances that were necessitated by the Circuit Defender's disqualification from representing another co-defendant) weighs minimally against the State, because the prosecutor's action did not constitute a "[d]eliberate delay to hamper the defense." (Punctuation omitted.) *Vermont v. Brillon*, supra, ___ U. S. at ___ (II). See also *Barker*, supra, 407 U. S. at 531 (IV) ("[a] valid reason . . . should serve to justify appropriate delay").

On the defense side, the record reveals that there are two reasons for the delay. First, when confronted with the State's motion

showing a potential conflict of interest for the Circuit Defender's Office, instead of seeking an immediate ruling on the motion or a brief continuance to allow for the filing of briefs, the defendants requested that the trial court allow them to wait an indefinite amount of time in order to obtain an informal advisory opinion from the State Bar of Georgia on the conflict of interest issue. This created a four-month delay that must be attributed to the defendants. *Vermont v. Brillon*, supra, ___ U. S. at ___ (II) ("Because the attorney is the defendant's agent when acting, or failing to act, in furtherance of the litigation, delay caused by the defendant's counsel is . . . charged against the defendant") (citation and punctuation omitted). Second, two scheduled trial dates were continued due to the lack of counsel for co-defendant Williams. This delay does not weigh for or against either side, however, because the State and the defense bear equal responsibility for the delay. Indeed, the State initially decided to try all of the co-defendants together; however, Robinson and Woods acquiesced in that decision rather than moving to sever Robinson and Woods' cases from Williams' case in order to move their cases closer to trial independent of Williams' situation. See, e.g., *Jackson v. State*, 279 Ga. 449 (3) (614 SE2d 781) (2005). It is not the fault of Robinson and Woods, nor the fault of the State, that Williams' initial counsel was disqualified from representing him.

We therefore conclude that, in balancing all of the reasons for the delay that are attributable to the State against those that are attributable to the defendants, this *Barker* factor ultimately remains neutral. Id.

(c) *Assertion of right*: The record shows that Robinson and Woods did not assert their rights until July 21, 2009, and July 23, 2009, respectively, which is 16 months after the date of their arrest. Prior to this date, the defendants never asserted their rights to a speedy trial. The defendants contend that they were unable to assert their rights previously because they could not communicate with their original attorneys and they were rarely seen by their investigator. However, this does not explain why, even after new counsel had been appointed for them, the defendants still waited another nine months before they asserted their rights to a speedy trial. Moreover, the record shows that, even though Robinson's new counsel wanted to raise the speedy trial issue as early as October 2008 (again, nine months before the actual assertion of the right), he did not do so because Robinson did not wish to pursue an appeal in the event that a motion for discharge and acquittal had been unsuccessful at that time. Accordingly, this factor will be weighed against the defendants. See, e.g., *Marshall v. State*, 286 Ga. 446, 447 (1) (c) (689 SE2d 283) (2010) (Where defendant "waited several years to assert his right to a speedy trial, until the case was nearing

the time for trial, this [Barker] factor, which must be given 'strong evidentiary weight,' weigh[ed] against [defendant]." ") (citation omitted).

(d) *Prejudice to defendant*: "Finally, the prejudice to the defendant must be considered based on three factors: (1) whether there has been oppressive pre-trial incarceration; (2) the anxiety and concern of the accused; and (3) the possibility of harm to the accused's defense." *Bowling*, supra, 285 Ga. at 46 (1) (d). With regard to the nature of the defendants' incarceration and their anxiety levels, the defendants have failed to show that they were subjected to an oppressive incarceration, and they also have not shown that they suffered from any unusual level of anxiety beyond that which is normally associated with incarceration in general. See *Layman*, supra, 284 Ga. at 86. These factors therefore do not weigh in the defendants' favor. Id.

With regard to the possibility of harm to the accused's defense, this element is the "most serious" of the three factors regarding prejudice to the defendant. See *Barker*, supra, 407 U. S. at 532 (IV). In this case, however, no witnesses have died or disappeared; there is no evidence that witnesses have lost their memories; and the defense strategy remained unchanged. The defendants also have not shown that being without counsel for less than a month out of the eighteen months before their scheduled trial harmed their defense.[2] This element therefore does not weigh in the defendants' favor. See, e.g., *Weis v. State*, 287 Ga. 46, 54 (1) (d) (694 SE2d 350) (2010).

2. For all of the foregoing reasons, we find that the trial court did not abuse its discretion in denying the defendants' motion to dismiss their indictments based on alleged violations of their rights to a speedy trial. "[T]he presumptive prejudice arising from any delay in bringing [the defendants] to trial was insufficient for [them] to prevail on their constitutional speedy trial claim[s], given that there was no demonstrable prejudice to [their] defense and [they were] dilatory in asserting [their] rights." (Citation omitted.) *Bowling*, supra, 285 Ga. at 47 (2).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 3, 2010 —
RECONSIDERATION DENIED JUNE 7, 2010.

*Clark & Williams, Jason R. Clark*, for appellant (case no. S10A0428).

---

[2] To the extent that Robinson raises concerns about the effectiveness of his representation based on the timing of conflict-free counsel's appointment, such claims are premature, and will not be addressed here. See *Weis v. State*, 287 Ga. 46, 49 (1) (b) (694 SE2d 350) (2010).

*Ernest B. Gilbert,* for appellant (case no. S10A0429).

*Stephen D. Kelley, District Attorney, Charles K. Higgins, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General,* for appellee.