## S10A0172. THE STATE v. LATTIMORE.
(696 SE2d 613)

HINES, Justice.

Shaquan Lattimore's motion to dismiss his indictment on the ground that he was not afforded a speedy trial was granted by the trial court, and the State appeals. See OCGA § 5-7-1 (a) (1). For the reasons that follow, we affirm.

Bryan Thompson was shot and killed on August 27, 2004; that same day, Lattimore was arrested on suspicion of murdering him. On September 10, 2004, at a hearing, the trial court found that there was not probable cause to support a charge of malice murder against Lattimore, but there was probable cause to support charges of involuntary manslaughter and reckless conduct. The court set bond, and Lattimore was released from custody on September 12, 2004. On June 30, 2006, he was indicted on one count of malice murder for the 2004 killing. During a case management conference on October 27, 2006, the prosecutor stated that the charge of malice murder was inappropriate and that the State intended to re-indict the case. On several occasions between October 2006 and February 2008, various prosecutors informed Lattimore's counsel that the State intended to re-indict Lattimore on a lesser charge. The case was on the trial calendar in both May and August 2007 but was not reached either time, and was again on a trial calendar for February 7, 2008. On February 5, 2008, the State re-indicted Lattimore on charges of malice murder, felony murder while in the commission of aggravated assault, aggravated assault, and possession of a firearm during the commission of a felony. On July 17, 2009, Lattimore moved to dismiss the indictment for violation of his constitutional right to a speedy trial, citing the Constitutions of the United States and Georgia. See U. S. Const. amends. VI & XIV; Ga. Const. Art. I, Sec. I, Par. XI (a).

A trial court's ruling on a motion to dismiss based on a violation of the right to a speedy trial found in the Federal and State Constitutions is reviewed under the analysis found in *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972). *Ruffin v. State*, 284 Ga. 52, 55 (2) (663 SE2d 189) (2008).

> In *Barker v. Wingo* [. . .], the Supreme Court of the United States identified four factors to be considered by a court in determining whether an accused's constitutional right to a speedy trial had been violated . . . (a) the length of the delay, (b) the reason for the delay, (c) the defendant's assertion of his right, and (d) the prejudice to the defendant. 407 U. S. at 530. The Supreme Court further stated that it regarded none of the factors as either a necessary or sufficient

condition to a finding of a deprivation of the right of speedy trial but rather that the factors should be considered together in a balancing test of the conduct of the prosecution and the defendant. [Cit.]

*State v. Redding*, 274 Ga. 831, 831-832 (561 SE2d 79) (2002). "The question is whether the trial court abused its discretion in ruling that [Lattimore's] speedy trial rights were violated. [Cit.]" Id. at 832.

As to the first factor set forth in *Barker v. Wingo*, the length of the delay, the State concedes that the length of the time between arrest and the motion to dismiss, almost five years, raises a threshold presumption of prejudice. See *State v. Carr*, 278 Ga. 124, 126 (598 SE2d 468) (2004).

In reviewing the second *Barker v. Wingo* factor, the trial court found that the delay was attributable to the State's negligence. At the hearing on the motion, the State advanced staffing shortages as a reason for the delay before the first indictment, but recognized that such a staffing issue is a factor to be weighed against the State, although not weighed so heavily as a delay deliberately created by the State. *State v. Johnson*, 274 Ga. 511, 513 (2) (555 SE2d 710) (2001). To the extent that the State offered a reason for the delay before re-indictment, it repeated that staffing issues caused the delay, coupled with the case being assigned from one judge to another. The trial court found that the reason for the delay was negligence on the part of the State, and this was not an abuse of discretion.

Regarding Lattimore's assertion of his right to a speedy trial, the third *Barker v. Wingo* factor, the State notes that he did not file a statutory speedy trial demand prior to filing his motion to dismiss the indictment. However, as the trial court noted, in October 2006 and afterward, the State represented to Lattimore that the case had been incorrectly indicted, and that the State would re-indict him, which the State failed to do until February 2008. The trial court properly found that under these circumstances, the failure to demand a speedy trial was not to be weighed against Lattimore. See *Hayes v. State*, 298 Ga. App. 338, 345 (2) (c) (680 SE2d 182) (2009).

Finally, the State urges that the trial court erred in granting Lattimore's motion because he failed to show sufficient prejudice arising from the delay, citing the principle that

[i]n evaluating the final *Barker v. Wingo* factor, prejudice to the defendant, we consider three interests which the speedy trial right is designed to protect: preventing oppressive pretrial incarceration, minimizing anxiety and concern of

the defendant, and, most importantly, limiting the possibility that the defense will be impaired. [Cit.]

*Nelloms v. State*, 274 Ga. 179, 181 (549 SE2d 381) (2001). The State asserts that Lattimore has not suffered oppressive detention, as he was released 16 days after his arrest. And, although Lattimore, who was 18 years old when Thompson was killed, testified that he suffered anxiety from the pending case, including sleeplessness and being refused desired employment in the military, firefighting, and corrections fields, the State contends that none of this is unusual, and thus such anxiety should not be weighed in Lattimore's favor. See *Layman v. State*, 284 Ga. 83, 86 (663 SE2d 169) (2008). Further, the State notes that there is no evidence of any impairment to Lattimore's defense arising from the delay, that no witnesses are alleged to be missing, and that Lattimore testified that memory of the circumstances of Thompson's death remains clear. See *Tripp v. State*, 276 Ga. 104 (575 SE2d 507) (2003).

However, the considerations addressed in *Nelloms* are not necessarily dispositive of the analysis regarding prejudice.

The Supreme Court [of the United States] in *Doggett* [*v. United States*, 505 U. S. 647, 652 (II) (112 SC 2686, 120 LE2d 520) (1992)] held that "consideration of prejudice is not limited to the specifically demonstrable." [Cit.] The Court held that the presumption of prejudice that arises from the passage of time strengthens with the length of the delay and may tilt the prejudice factor in a defendant's favor, although it may not alone carry a Sixth Amendment claim without regard to the other *Barker* criteria. [Cits.]

*State v. Johnson*, supra at 514 (4). And, "affirmative proof of particularized prejudice is not essential to every speedy trial claim." *Ruffin*, supra at 65 (2) (b) (iv).

Here the delay was lengthy, almost five years, and Lattimore was not appointed counsel until two years after his arrest, preventing timely investigation of the incident. As the trial court noted, "[e]xcessive delay has a tendency to compromise the reliability of trials in ways that neither party can prove or, for that matter, identify." *Ruffin*, supra at 56 (2) (b) (i) (citation and punctuation omitted). Under the circumstances of this case, we cannot conclude that the trial court abused its discretion in balancing the *Barker v. Wingo* factors, and thus find no err in the grant of Lattimore's motion to dismiss the indictment. *Redding*, supra.

*Judgment affirmed. All the Justices concur, except Carley, P. J., and Melton and Nahmias, JJ., who dissent.*

MELTON, Justice, dissenting.

Because Lattimore failed to assert his right to a speedy trial, and because there was an affirmative showing that Lattimore's trial defense was in no way impaired from the delay involved in this case, I must respectfully dissent from the majority's erroneous conclusion that the trial court properly found a violation of Lattimore's right to a speedy trial.

Lattimore was arrested on August 27, 2004, and since that time he never asserted his constitutional right to a speedy trial. Instead of asserting his right to a speedy trial, on July 17, 2009, nearly five years after his arrest, he filed a motion to dismiss the indictment. Lattimore's failure to assert his right to a speedy trial is not excused by the fact that he was not re-indicted until February 2008, as "invocation of the speedy trial right need not await indictment, information, or other formal charge[.] [T]he accused can begin demanding that the right to a speedy trial be honored as soon as he or she is arrested." (Punctuation and footnote omitted.) *Ruffin v. State*, 284 Ga. 52, 63 (2) (b) (iii) (663 SE2d 189) (2008). In any event, even after Lattimore was re-indicted, he still waited nearly another year and a half before filing his motion to dismiss, and even then he still had not made any demand for a speedy trial. Again, Lattimore's failure to assert his right cannot be attributed to any action by the State, but must be attributed to Lattimore's own failure to live up to his "responsibility to invoke the speedy trial right and put the government on notice that he . . . , unlike so many other criminal defendants, would prefer to be tried as soon as possible." Id. at 62 (2) (b) (iii). Lattimore did not assert his right to a speedy trial "in due course," as is legally required (id.), but instead chose not to assert his right at all. Due to this failure, "the third [*Barker*] factor, which 'is entitled to strong evidentiary weight,' " must be weighed against him. *Perry v. Mitchell*, 253 Ga. 593, 595 (322 SE2d 273) (1984), overruled on other grounds, *Character v. State*, 285 Ga. 112 (2) (674 SE2d 280) (2009).[1]

Furthermore,

> [a]lthough greater pretrial delays simultaneously increase the degree of prejudice presumed and decrease the expecta-

---

[1] Even if Lattimore had asserted his right to a speedy trial in his motion to dismiss the indictment, which he did not, this factor would still have to be weighed against him. Lattimore's case was ready for trial, and had appeared on several trial calendars from April 2008 through January 2009. Neither side moved to continue these trial dates. Lattimore's case simply was not reached on each of the calendars. Lattimore filed his July 17, 2009 motion to dismiss the indictment just before the trial court released its calendar with Lattimore's case set for August 2009. Where, as here, the record would reveal that Lattimore "waited several years to assert his right to a speedy trial, until the case was nearing the time for trial, this [*Barker*] factor, which must be given 'strong evidentiary weight,' [would] weigh[ ] against [him]." (Citation omitted.) *Marshall v. State*, 286 Ga. 446, 447 (2) (c) (689 SE2d 283) (2010).

tion that the defendant can demonstrate tangible prejudice to his or her ability to present a defense, [Lattimore] made *no* specific showing as to how his defense was impaired as a result of the . . . delay.

(Citation and punctuation omitted; emphasis supplied.) *Williams v. State*, 279 Ga. 106, 110 (1) (d) (610 SE2d 32) (2005) (analyzing whether defendant made showing of impairment to defense, and finding no violation of defendant's right to speedy trial even after six-year delay). To the contrary, far from making a showing that his defense was impaired in any way, Lattimore has affirmatively shown that his defense was *not* impaired by the delay in this case. As the majority correctly concedes, Lattimore himself testified that his memory of what happened relating to the alleged murder is as good today as it was at the time that the crime occurred. Additionally, there is no evidence that any witnesses are missing or that their memories have faded. Where, as here, the record affirmatively demonstrates that the accused's defense has *not* been impaired by the delay, the majority cannot rely on mere speculation to reach the opposite conclusion. See id.

In sum,

> [h]ere, the record shows a delay in bringing [Lattimore] to trial, which is presumptively prejudicial. But delay, standing alone, is insufficient to establish a speedy trial violation. And [Lattimore] has neither demonstrated nor claimed actual prejudice. Under these circumstances, where the delay was not deliberately caused by the State, [Lattimore] [did not] assert his right to a speedy trial, and he has failed to show specific prejudice caused by the delay, . . . the scales are weighted against [Lattimore's] claim and in favor of the State's duty to protect the person and property of its citizens by prosecuting the criminal charges. Thus, . . . the trial court abused its discretion in granting [Lattimore's] motion to dismiss the indictment.

(Punctuation and footnotes omitted.) *State v. Stallworth*, 293 Ga. App. 368, 370 (2) (667 SE2d 147) (2008). See also *Doggett v. United States*, 505 U. S. 647, 658 (III) (B) (112 SC 2686, 120 LE2d 520) (1992) (defendant not entitled to relief where presumption of prejudice has been "persuasively rebutted"); *Williams*, supra, 279 Ga. at 110 (1) (d). The majority has erred in holding otherwise, and I must respectfully dissent.

I am authorized to state that Presiding Justice Carley joins in this dissent.

NAHMIAS, Justice, dissenting.

It is true that "[a] trial court's findings of fact and weighing of those facts in a speedy trial claim generally are reviewed under an abuse of discretion standard." *Williams v. State*, 277 Ga. 598, 601 (592 SE2d 848) (2004) (citing *State v. Redding*, 274 Ga. 831, 832 (561 SE2d 79) (2002)). See Maj. Op. at 505, 506. "However, where . . . the trial court has clearly erred in some of its findings of fact and/or has misapplied the law to some degree, the deference owed the trial court's ultimate ruling is diminished." *Williams*, 277 Ga. at 601. As Justice Melton's dissenting opinion explains, the trial court misapplied the law with respect to two of the factors set forth in *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972), giving no apparent weight to Lattimore's failure to assert his right to a speedy trial and presuming actual prejudice to the defense case based solely on the five-year delay, without addressing the evidence which suggests that the delay has not actually impaired the defense.

Because both of these factors, when properly applied, would weigh significantly against the conclusion that Lattimore's speedy trial rights were violated, I believe that this Court should not affirm the trial court's judgment, and so I respectfully dissent. But I also am not confident that proper application of the factors, along with the other facts in the case, *requires* the judgment that Lattimore's speedy trial rights were not violated, as Justice Melton concludes. Instead, I would reverse and remand the case with direction to the trial court to exercise its discretion again after re-weighing the speedy trial factors using the correct legal standards. See *Williams*, 277 Ga. at 601 (2) (remanding in part for reconsideration of a speedy trial claim due to a factual error in the trial court's initial order).

DECIDED JUNE 7, 2010 —
RECONSIDERATION DENIED JULY 12, 2010.

*Paul L. Howard, Jr., District Attorney, Christopher M. Quinn, Bettieanne C. Hart, Assistant District Attorneys, Thurbert E. Baker, Attorney General*, for appellant.

*Jennifer Lubinsky, Kenneth D. Kondritzer*, for appellee.